DOMENGEAUX, Judge.
Wayne Morein commenced these proceedings against the Louisiana Quarter Horse Breeders’ Association (the Association), an allegedly non-profit corporation organized under the laws of the State of Louisiana, and thirteen named individuals, allegedly the directors of the corporation. Morein maintained entitlement to recovery on the grounds that certain ultra vires acts of the Association resulted in a breach of *119 his employment contract with the Association.
. The plaintiff maintains that he was employed as the Executive Director of the Association and that he could only be dismissed “for cause”. He further alleges that his dismissal by the Association could only occur subsequent to compliance with certain specified procedures stated in his employment contract. Morein maintains in his petition that the Board of Directors dismissed him without cause and did not comply with the procedures set forth in his contract. He suggests that the actions of the Board render each director, as well as the corporation, indebted unto him.
The defendants subsequently filed numerous exceptions suggesting to the Trial Court, inter alia, that the Parish of Evangeline was not a parish of proper venue. The defendants argued in their exception that Evangeline Parish was not a proper venue because the corporation was domiciled in East Baton Rouge Parish and not Evangeline. The defendants further argued that they were not joint or solidary obligors with the corporation, should Morein be entitled to recovery. See, La.Code Civ.Proc. art. 42 (1960) (amended 1961); La.Code Civ. Proc. art. 73 (1960).
The Trial Court reviewed the defendants’ exceptions, concluded that Evangeline Parish was not a proper venue and dismissed Morein’s action without prejudice. The court did not render any decision as to the defendant’s other exceptions.
Morein sought this review maintaining that Evangeline Parish is a parish of proper venue. He suggests in his brief that his petition alleges entitlement to recovery on contractual and tort grounds and that the corporation and its directors are joint or solidary obligors.
We believe, subsequent to a review of the applicable law and Morein’s petition, that the decision of the lower court is correct. Although the plaintiff in his brief suggests liability in contract against the corporation and liability in tort against each of the directors, we do not believe the facts alleged, if proven, would entitle him to recovery in both contract and tort. Our review of the plaintiff’s petition leads us to the conclusion that the allegations made could only establish liability against the corporation and then only for breach of contract. We do not believe the plaintiff’s petition alleges any action against the individual directors. These conclusions preclude Evangeline Parish from being a parish of proper venue because only one natural defendant, and not the corporation, is domiciled in Evangeline Parish.
For the above and foregoing reasons the judgment of the District Court is affirmed.
All costs of this appeal are assessed against Wayne Morein,
AFFIRMED.