552 So.2d 462 (1989)
UNITED BROTHERHOOD OF CARPENTERS LOCAL UNION NO. 1846 and Plumbers & Steamfitters Local Union No. 60
v.
A.P. CALDWELL and Tenneco Oil Company.
No. 89-CA-0139.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1989.
*463 Louis L. Robein, Jr., Garner, Robein & Urann, Metairie, for plaintiffs-appellees.
David E. Walker, Alvin J. Bordelon, Jr., Thomas E. O'Keefe, New Orleans, for defendants-appellants.
Before BYRNES, WILLIAMS and ARMSTRONG, JJ.
WILLIAMS, Judge.
Defendants, A.P. Caldwell and Tenneco Oil Company, appeal the trial court judgment overruling their exception of improper venue.[1] Because defendant Caldwell resides in St. Tammany Parish and defendant Tenneco's principal business establishment is in St. Bernard Parish, see LSA-C.C.P. art. 42(1), (4), and the alleged wrongful conduct occurred in St. Bernard and plaintiffs' alleged damages were sustained in St. Bernard, see LSA-C.C.P. art. 74, we hold that venue is improper in Orleans, the parish in which suit was filed. Therefore, we reverse the judgment of the district court and remand the matter for transfer to the parish of proper venue.
Plaintiffs, United Brotherhood of Carpenters Local Union No. 1846 and Plumbers & Steamfitters Local Union No. 60, filed suit against defendants seeking damages for tortious interference with the Unions' business relationships in violation of LSA-C.C. art. 2315 and for unfair trade practices. The petition alleged that, in early 1988, Tenneco retained Brown & Root, Inc., a general contractor which engages in non-union employment practices, to perform certain repair, renovation and maintenance services for Tenneco at its St. Bernard Parish Refinery. The petition further alleged that, "(a)s a result of the retention of Brown & Root to perform these services, employees represented in collective bargaining by Carpenters Local 1846 and Plumbers Local 60 were displaced and rendered ineligible for hiring...." According to the petition, after unsuccessful efforts to have Tenneco modify its contracting practices in favor of the unions, the plaintiffs engaged in "peaceful publicity activities" aimed at Tenneco retail service outlets in an effort to have Tenneco consumers "encourage Tenneco ... to engage in contracting practices more favorable to employees represented by (plaintiff unions)." On March 7, 1988, defendant Caldwell met in St. Bernard Parish with certain contractors and subcontractors associated with Tenneco's St. Bernard office and allegedly urged them to assist in causing plaintiff unions to cease the publicity, further stating that if the publicity continued, all contractors and subcontractors holding written collective bargaining agreements with plaintiffs would receive no further contracts or employment opportunities from Tenneco. When plaintiffs continued the publicity activities, defendants allegedly carried out said intentions. As a result, *464 the petition alleged, plaintiffs have suffered diminution of dues income, loss of good will, and "other economic losses by virtue of lost employment opportunities for their members...."
It is uncontested that United Brotherhood of Carpenters Local No. 1846 has its principal office in Orleans Parish and Plumbers & Steam Fitters Local Union No. 60 has its principal office in Jefferson. It is also uncontested that defendant Caldwell resides in St. Tammany Parish. Although plaintiffs alleged that defendant Tenneco's "office" is located in Orleans Parish, the record shows that Tenneco is a foreign corporation with its principal business establishment in St. Bernard Parish.
Suit was filed in the Civil District Court for the Parish of Orleans. Defendants filed a declinatory exception of improper venue, seeking dismissal or, alternatively, transfer of plaintiffs' suit to a parish of proper venue, specifically, St. Bernard. Defendants' exception was overruled without written reasons and defendants filed this appeal.
LSA-C.C.P. art. 42 enumerates the general rules of venue and provides, in pertinent part:
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence;
. . . . .
(4) A foreign corporation licensed to do business in this state shall be brought in the parish where its principal business establishment in the state is located, as designated in its application to do business in the state; ....
LSA-C.C.P. arts. 71-85 provide exceptions to the general venue rules. Plaintiffs contend that this action is governed by LSA-C.C.P. art. 74, which provides, in pertinent part:
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur, [emphasis added]
To ascertain whether venue is proper in St. Bernard Parish under Article 74, we must determine "the parish where the wrongful conduct occurred" or "the parish where the damages were sustained." Defendants/appellants contend that, within the meaning of Article 74, the alleged wrongful conduct occurred and the alleged damages were sustained in St. Bernard Parish.
Plaintiffs do not argue that the alleged wrongful conduct occurred in any parish other than St. Bernard. In fact, the petition alleged that Tenneco retained Brown & Root, Inc., the non-union contractor, to perform services at Tenneco's St. Bernard refinery; that plaintiffs' members were thereby displaced from employment at that refinery; and that the March 7, 1988 meeting between defendant Caldwell and certain contractors and subcontractors holding collective bargaining agreements with plaintiff unions was held in St. Bernard Parish.
Instead, plaintiffs contend that the damages sustained by one of them, Carpenters Local 1846, were and continue to be sustained in Orleans Parish. Plaintiffs argue that the alleged malicious interference has resulted in a loss of revenues and diminished business relations with signatory contractor-employers and union members, all of which has taken effect "at the receiving end of the revenue transactionthe Union Hall [in Orleans Parish]." Therefore, plaintiffs urge, the damages were sustained in Orleans, making that parish one of proper venue. We disagree.
Louisiana courts have interpreted the phrase "where the damages are sustained" in apparent view of the underlying purpose of the articles on venue, i.e., "to provide a *465 convenient place for trials."[2] In doing so, the courts have attempted to prohibit forum shopping by the plaintiff by distinguishing the parish in which the damage to the plaintiff occurred (which is often incidentally the same parish in which the causative negligence occurred) from the parish in which the plaintiff may happen to be when he suffers further consequences of that damage, the latter being improper venue. As this Court stated in Coursey v. White, 184 So.2d 625 (La.App. 4th Cir. 1966), "(I)t is quite obvious that Article 74 of the Code of Civil Procedure was never intended by the redactors thereof or by the legislature to permit a plaintiff to litigate in any parish of the state so capriciously or that in order to do so he should be permitted to divide the main damage from an element thereof in order to choose his venue." Id. at 627.
For instance, in Lapeyrouse v. United Services Automobile Ass'n., 503 So.2d 627 (La.App. 4th Cir.1987), plaintiff filed suit in Orleans Parish against a Jefferson Parish domiciliary for damages resulting from an automobile accident which occurred in Jefferson Parish. An exception of improper venue was filed, which was overruled by the trial court. This Court reversed, rejecting plaintiff's argument that venue under Article 74 was proper in Orleans Parish since she incurred medical expenses and endured pain and suffering in that parish. We stated, "In the context of this case we interpret the phrase `where the damages are [sic] sustained' to mean the place where the negligence or breach of duty which caused the damage occurred," id. at 628, citing Town of Eunice v. M & L Construction Co., 123 So.2d 579 (La.App. 3d Cir. 1960), which in Lapeyrouse was Jefferson Parish. See also Coursey v. White, supra [Suit was filed in Orleans Parish against Livingston Parish domiciliary for damage (in Orleans) to credit rating and reputation emanating from the wrongful seizure of property in Livingston Parish. Court held that Orleans Parish was improper venue]; Belser v. St. Paul Fire & Marine Insurance Co., 509 So.2d 12 (La.App. 1st Cir. 1987) [St. Helena Parish suit was filed against an East Baton Rouge domiciliary for damages which resulted from surgery on plaintiff in East Baton Rouge Parish. Court held that venue was proper in East Baton Rouge Parish, where surgery was performed, despite the fact that the damage progressed in St. Helena, the parish of plaintiff's residence]. Compare Broussard v. Liberty Mutual Insurance Co., 210 So.2d 411 (La.App. 3d Cir.1968); Laborde v. DeBlanc, 532 So.2d 829 (La.App. 4th Cir.1988).
Under the principal enunciated above, the facts of this case dictate that venue under LSA-C.C.P. art. 74 is proper only in St. Bernard Parish. It was allegedly in St. Bernard Parish that Tenneco retained Brown & Root, Inc., the non-union contractor; that Caldwell met with contractors and subcontractors who held collective bargaining agreements with plaintiffs' members and who had been associated with Tenneco's St. Bernard Parish office; and, significantly, that plaintiffs' members were displaced from employment opportunities and rendered ineligible for hiring. Although plaintiffs' damages allegedly continue to progress in Orleans Parish through the loss of revenues and diminished business relations, the damages were sustained in St. Bernard Parish for purposes of Article 74.
Plaintiffs erroneously cite City of New Orleans v. United Cab Owners, 232 La. 1110, 96 So.2d 14 (1957), in support of their argument that an action to recover lost revenues may be brought either in the parish where the loss of revenues occurred or in the parish where the wrongful conduct which caused the loss occurred. The holding in the City of New Orleans was based largely upon the alleged solidarity of the defendants, one of whom was domiciled in the parish in which revenues were lost and where the suit was filed. Id. 96 So.2d at 18-20, citing Joseph Rathborne Lumber Co. v. Cooper, 164 La. 502, 114 So. 112 (1927). Thus City of New Orleans is not applicable to the instant case.
*466 For the foregoing reasons, we hold that the trial court erred in overruling defendants' exception of improper venue. Accordingly, the judgment of the trial court is reversed, and the matter is remanded for transfer to St. Bernard Parish, the parish of proper venue under LSA-C.C.P. art. 74.
REVERSED AND REMANDED.
NOTES
[1] Although an application for supervisory writs would have been the more appropriate means of review of this interlocutory judgment, the Louisiana Supreme Court has indicated that a judgment improperly overruling an exception to venue may be appealed based on irreparable injury. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878, n. 1 (La.1981); Sales Tax Collector v. Eckco Fabricators, Inc., 423 So.2d 1218, 1219-20 (La. App. 5th Cir.1982). This Court has acknowledged that rationale. Lapeyrouse v. United Services Automobile Ass'n., 503 So.2d 627 (La.App. 4th Cir.1987). But see Henry v. Ford Motor Company, Inc., 519 So.2d 845, n. 1 (La.App. 4th Cir.1988); Laborde v. DeBlanc, 532 So.2d 829 (La.App. 4th Cir.1988). Therefore, we consider the merits of this appeal.
[2] L'Enfant, Louisiana Civil Procedure, 43 La.L. Rev. 491, 493 (1982).