650 So.2d 1241 (1995)
Dr. Alfred A. OLINDE d/b/a Alternatives Clinic
v.
Marion COUVILLION and Darryl Couvillion.
No. 94-CA-1275.
Court of Appeal of Louisiana, Fourth Circuit.
February 23, 1995.
Brian J. Waid, Bubrig & Waid, Buras, for defendants/appellants.
John G. Alsobrook, Alfred A. Olinde, Jr., Alsobrook and Olinde, New Orleans, for plaintiff/appellee.
Before LOBRANO, WALTZER and MURRAY, JJ.
LOBRANO, Judge.
The issue raised in this appeal is whether the trial court correctly dismissed defendant-appellants' exception of improper venue. Although the judgment appealed is interlocutory, it causes irreparable damage because it *1242 cannot be remedied by this court after trial. Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981); Lapeyrouse v. United Services Auto Assn., 503 So.2d 627 (La.App. 4th Cir.1987). We, therefore, consider the issue. La. C.C.Pro. art. 2083.
Plaintiff, Dr. Alfred Olinde, filed suit on open account against Mr. and Mrs. Darryl Couvillion alleging that Mrs. Couvillion received treatment from June 3, 1991 to August 10, 1993 and that the balance owed as of the latter date was $19,459.00. Attached to the petition is a "statement of account" showing charges incurred and payments made during the period in question. Also attached to the petition is a document signed by Mrs. Couvillion which basically states that Dr. Olinde will accept assignment from Medicare, that any remaining balance will be paid by her, and that 25% attorney fees will be charged, presumably if suit is necessary for collection, although the document is vague on that point.
Defendants are residents and domiciliaries of Plaquemines Parish. The suit was filed in Orleans Parish. Defendants excepted to the venue relying on Article 42 of the Code of Civil Procedure. Plaintiff countered with Article 76.1. The trial court agreed with plaintiff's argument and dismissed defendants' exception. This appeal followed.
The general rule of venue provided in Article 42 is that a suit brought against a defendant domiciled in Louisiana shall be brought in the parish of his/her domicile. The Code of Civil Procedure provides for various exceptions to that general rule, including article 76.1 added in 1991. That article provides:
"An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract"
It has been correctly recognized that exceptions to the general rule of venue are in derogation of common rights and therefore must be strictly construed. The party urging the benefit of the exception is required to show he falls within its parameters. See, Keele v. Knecht, 621 So.2d 106 (La.App. 2nd Cir.1993). Jurisprudence prior to 1991 was basically consistent that an action for breach of contract had to be brought in the defendant's domiciliary parish. See, Morein v. Fontenot, 544 So.2d 118 (La.App. 3rd Cir.1989); Smith v. Adger, 126 So.2d 377 (La.App. 2nd Cir.1960). On occasion, both breach of contract and tort (quasi-offenses) were alleged and the courts permitted the exception of article 74 to control.[1] See, Aetna Insurance Co. v. Naquin, 478 So.2d 1352 (La.App. 5th Cir.1985), affirmed, 488 So.2d 950 (La.1986). With the adoption of article 76.1 the legislature has provided another exception to the general venue rule in those instances which undoubtedly involve a breach of contract. Plaintiff's position in the instant case is that his claim is based on contract, and thus venue is proper. We disagree.
Plaintiff's suit is one on open account. It is styled as such, its allegations assert professional services over a period of time and annexed thereto is a "running" balance of charges and payments. Louisiana Revised Statute 9:2781(C) specifically includes charges for medical services within the meaning of open account. Although a claim on open account necessarily involves some type of contractual relationship between the parties, the law has recognized it in a different way than a normal breach of contract claim. For example, prescription on an open account accrues in three years, whereas a breach of contract claim prescribes in ten years. La.C.C. arts. 3494(4); 3499; see also, Sandoz v. Dolphin Services, Inc., 555 So.2d 996 (La.App. 1st Cir.1989). Furthermore, specific legislation authorizes the award of attorney fees, even in the absence of a specific contractual provision, when a claim is made on open account. La.R.S. 9:2781. And, as previously noted, the legislature has specifically defined what constitutes an open account. Id. There is no special legislation, however, which creates venue in open account *1243 suits other than that provided in article 42.
We understand the logic of plaintiff's broad assertion that his claim is one in contract and thus controlled by article 76.1.[2] However, we conclude that the legislature never intended to include open account claims within the purview of article 76.1. We must assume that because those type claims have been treated differently by the legislature in other areas of the law, specific legislation would have been adopted with respect to venue.[3] It was not. This court will not judicially create a venue exception for open account claims. Plaintiff's claim is one in open account which we hold is governed by article 42. Venue is proper in the defendants' domicile, Plaquemines Parish.
Accordingly, the trial court judgment is reversed. The matter is remanded to the trial court for entry of the proper order transferring the case to the 25th Judicial District Court, Parish of Plaquemines.
REVERSED AND REMANDED.
NOTES
[1] Code of Civil Procedure article 74 provides that an action for an offense or quasi offense may be brought in the parish where the offense occurred or where the damages were sustained.
[2] The document annexed to the petition relied on by plaintiff to prove his contract assertion is not a true commutative contract. It is executed only by Mrs. Couvillion and is an assignment of her Medicare benefits to plaintiff. It is also a recognition by her that she is responsible for the balance. There is no "quid pro quo" by plaintiff, nor does plaintiff even appear in the document.
[3] Code of Civil Procedure Article 76.1 was enacted by section 2 of Act 217 of 1991. Section 1 of that act deals with contracts, subcontracts and purchase orders for public and private works projects. No mention is made of contracts for "open account".