656 So.2d 988 (1995)
Robert C. JORDAN
v.
CENTRAL LOUISIANA ELECTRIC CO., INC.
No. 95-C-1270.
Supreme Court of Louisiana.
June 23, 1995.
PER CURIAM.
Writ granted.
On plaintiff's application, we exercise our supervisory jurisdiction to correct an erroneous ruling by the court of appeal sustaining an exception of improper venue. See Chambers v. LeBlanc, 598 So.2d 337 (La.1992).
Plaintiff contracted with defendant to acquire immovable property located in Iberia Parish. Plaintiff signed the authentic act of sale in Iberia Parish; a few days later, defendant signed in Rapides Parish. Seeking to recover his deposit, plaintiff brought this action in Iberia Parish, based on La.Code Civ. Proc. art. 76.1, which provides for venue in a contractual action "in the parish where the contract was executed." Defendant objected to venue, arguing that venue was proper only in its domicile, Rapides Parish.
The trial court overruled defendant's exception, and defendant appealed. The court of appeal reversed, reasoning that the contract was executed in Rapides Parish "where the last signature required for a valid, enforceable *989 contract to sell immovable property was affixed to the document." We disagree.
Article 76.1 provides that venue is proper in the parish where the contract is executed. A contract, including one executed in authentic form,[1] may be executed in more than one parish. Such is the case here. Plaintiff executed the authentic act in Iberia Parish; defendant, in Rapides. In such a case, we construe Article 76.1 as authorizing venue in any of the parishes in which the contract was executed. Although Article 76.1 uses the singular word "parish," La.Code Civ.Pro. art. 5055 expressly provides that "[u]nless the context clearly indicates otherwise ... [w]ords used in the singular number apply also to the plural."
Our construction is consistent with our holding in Kellis v. Farber, 523 So.2d 843 (La.1988). Kellis held that the alternative, optional venue provisions contained in La. Code Civ.Pro. articles 71 through 85 "are an extension, supplement and legal part of the provisions of article 42." 523 So.2d at 846. As a result, these alternative venue provisions are no longer exceptions to Article 42's "home base" venue that should be strictly construed, as was formerly required under Hawthorne Oil & Gas Corp. v. Continental Oil, 377 So.2d 285 (La.1979). Rather, these alternative provisions are part and parcel of the general venue rule set forth in Article 42.
Explaining this change, we commented in Kellis:
The proliferation of exceptions [to Article 42] mirrors the newly emerging bases of modern venue statutes. These provisions are not based on domicile but on factors such as the following: the convenience of both parties; the relationship between the forum and the cause of action; the reduction of litigation through certainty in the laying of venue; the places where the subject of the action or part thereof is situated; the place where the cause of action arose; the place where the seat of government is located.... With the advent of these important venue grounds, the rationale that the defendant has an inherent or natural right to be sued at his domicile, in the absence of or in addition to positive law, is anachronistic.
523 So.2d at 847.
Given that all the events leading up to the contract in question occurred in Iberia, that the property is located in Iberia, and that the plaintiff actually executed the contract in Iberia, we conclude that venue was proper in Iberia Parish.
Accordingly, the judgment of the court of appeal maintaining the exception of venue and transferring the case is reversed, and the judgment of the trial court overruling the exception is reinstated. The case is remanded to the trial court for further proceedings.
MARCUS, J., not on panel.
NOTES
[1] See La.Civ.Code art. 1833, providing that "[t]o be an authentic act, the writing need not be executed at one time or place ..."