665 So.2d 14 (1995)
OPERATIONAL TECHNOLOGIES CORPORATION
v.
ENVIRONMENTAL CONTRACTORS, INC.
No. 95 CA 0413.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
Nicholas Soileau, Baton Rouge, for Plaintiff/Appellee, Operational Technologies Corporation.
Emile Joseph, Jr., Lafayette, for Defendant/Appellant, Environmental Contractors, Inc.
Before LeBLANC, WHIPPLE and FOGG, JJ.
LeBLANC, Judge.
This appeal is from the trial court's denial of the declinatory exception raising the objection of improper venue brought by Environmental Contractors, Inc., defendant. We reverse.

FACTS
In June 1991, Operational Technologies Corporation (OpTech), plaintiff, agreed to perform air monitoring services for an Environmental Contractors' construction project at Fort Polk, Louisiana. The agreement included terms for billing by OpTech for the services provided. Invoices were to be "issued *15 every four weeks, payable upon receipt...."
In March 1994, OpTech filed suit in East Baton Rouge Parish against Environmental Contractors for the balance which remained due and owing, plus legal interest and attorney's fees. On the same day the petition was filed, OpTech also filed a request for admissions by the defendant.[1] Environmental Contractors did not respond to the request for admissions, but filed a declinatory exception raising the objection of improper venue. Environmental Contractors asserts Lafayette Parish is the proper venue, as it is a Louisiana corporation having its registered office in Lafayette Parish.
At the hearing on the exception, the unanswered request for admissions was deemed admitted. Consequently, the trial court held work was performed under the contract in East Baton Rouge Parish and, applying La. C.C.P. art. 76.1, denied defendant's improper venue exception. Environmental Contractors appeal, arguing the trial court erred in applying La.C.C.P. art. 76.1.

LAW AND DISCUSSION
The general rules of venue are contained in La.C.C.P. art. 42 which provides, in pertinent part:
The general rules of venue are that an action against:
* * * * * *
(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located.
La.C.C.P. art. 43 declares that "[t]he general rules of venue ... are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law." La.C.C.P. art. 76.1 provides:
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
OpTech's suit is a suit on open account. It is so titled in its petition, and referred to as such in argument. Although a suit seeking payment for a balance due on an open account necessarily involves some type of contractual relationship between the parties, a suit on open account is different than a normal breach of contract claim. Olinde v. Couvillion, 94-1275, p. 3 (La.App. 4th Cir. 2/23/95), 650 So.2d 1241, 1242. The law has historically treated an open account unlike a contract, providing for different prescriptive periods, La.C.C. arts. 3494(4) and 3499, and providing for attorney's fees when the suit is one on open account, La.R.S. 9:2781A. In addition, an "open account" has been defined by the legislature in the Revised Statutes as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions ... [and] shall include debts incurred for professional services...." La.R.S. 9:2781C. There is no special legislation, however, which provides for venue for open account suits other than that provided in article 42. Olinde, 94-1275, at p. 3, 650 So.2d at 1242-43. Because we find the action before the court is a suit on open account, not a contract, we do not reach the application of La.C.C.P. art. 76.1 and pretermit discussion of the effect of the trial court's ruling declaring the unanswered requests were admitted.
We note in Jordan v. Central Louisiana Electric, 95-1270 (La. 6/23/95), 656 So.2d 988, the Louisiana Supreme Court recently stated the alternative provisions provided in Articles 71 through 85 are an "extension, supplement and legal part of the provisions of article 42." Jordan, 95-1270, at p. 2, 656 So.2d at 989, quoting Kellis v. Farber, 523 So.2d 843, 846 (La.1988). As a result, these alternative venue provisions were said to no longer be exceptions to Article 42's "home base" venue that should be strictly construed, as was formerly required under Hawthorne Oil & Gas Corp. v. Continental Oil, 377 So.2d 285 (La.1979). Rather, these alternative provisions are part and parcel of the general venue rule set forth in Article 42. Jordan, 95-1270 at p. 2, 656 So.2d at 989. However, the suit on open account filed by OpTech cannot be treated as an action on a contract, so as to fit under the "alternative" provision of article 76.1, when *16 the law has historically considered an open account different from a contract. Updating and restating the application of the alternatives to the general rules of venue does not alter the nature of the action sought by the plaintiff. Because there is no alternative rule for suits on open account, the general rules of venue provided in article 42 apply, which provide venue is proper in the parish where the corporation's registered office is located. Environmental Contractors' registered office is located in Lafayette Parish. Venue was improper in East Baton Rouge Parish. The trial court erred in denying defendant's declinatory exception raising the objection of improper venue.

CONCLUSION
Accordingly, the trial court judgment is reversed. The matter is remanded to the trial court with an order to transfer the case to the Fifteenth Judicial District Court, Parish of Lafayette. All costs of this appeal to be borne by plaintiff, Operational Technologies Corporation.
REVERSED AND REMANDED, WITH ORDER.
NOTES
[1] Request for Admissions number 3 provided:

It is true that OPTECH did actually obtain air monitoring samples from the above mentioned site, which samples were used for performing its services for air monitoring located at its office in Baton Rouge, Louisiana.