694 So.2d 355 (1996)
CHEHARDY, SHERMAN, ELLIS, BRESLIN & MURRAY
v.
AMERASIA COMPANY, INC.
No. 96-CA-384.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1996.
Robert O. Homes, Jr., Gulfport, for Defendant/Appellant.
Before DUFRESNE, WICKER and DALEY, JJ.
WICKER, Judge.
This is a suit on open account brought by a law firm against a former client. The client appeals the overruling of its exception of improper venue. We reverse.
On November 27, 1995 Chehardy, Sherman, Ellis, Breslin and Murray, a Louisiana law partnership domiciled in Jefferson Parish, filed suit in Jefferson Parish against Amerasia Company, Inc. d/b/a Amerasia Holding Company, Ltd. The petition alleged that Amerasia is a domestic corporation with its principal place of business in the Parish of Orleans and that Amerasia is indebted to the plaintiff in the amount of $4,658.78 for legal services rendered between August 10, 1993 and October 24, 1995. Amerasia filed exceptions of improper venue, lack of jurisdiction over the person, want of amicable demand and nonjoinder of a necessary party. After a hearing on March 25, 1996 the exceptions were overruled in open court. Amerasia's *356 subsequent Motion for Reconsideration, Rehearing and/or New Trial was denied in writing on March 29, 1996.
Amerasia has appealed the ruling on the venue exception. Although a trial court judgment overruling a declinatory exception pleading the objection of improper venue is not a final judgment, it is an appealable interlocutory judgment and we can consider the merits of the appeal. Herlitz Construction Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878, n. 1 (La.1981); Sales Tax Collector v. Eckco Fabricators, Inc., 423 So.2d 1218, 1219 (La.App. 5th Cir.1982); Rodrigue v. East Jefferson General Hospital, 615 So.2d 1056, 1058 (La.App. 1st Cir.1993).
The issue is whether a suit on open account is subject to the general venue provisions of La.Code Civ.P.Art. 42 or to the venue exceptions made by La.Code Civ. P.Art. 76.1.
La.Code Civ.P.Art. 42 provides that a suit against a domestic corporation shall be brought in the parish where its registered office is located. La.Code Civ.P.Art. 43 makes the general rules of Art. 42 subject to the exceptions provided in Articles 71 through 85 or otherwise provided by law. La.Code Civ.P.Art. 76.1 states that an action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
Plaintiff argued to the trial court that an open account is a type of contract, so that Art. 76.1 is applicable. Thus, plaintiff contends Jefferson Parish is an appropriate venue because the legal services were performed there.
Since the exceptions to the general venue rules are in derogation of a common right, they must be strictly construed and the party claiming the benefit of an exception must bring itself clearly within the exception. Hawthorne Oil and Gas Corp. v. Continental Oil Co., 377 So.2d 285, 287 (La.1979); Revolta v. Regional Transit Authority, 607 So.2d 963, 965 (La.App. 4 Cir.1992); writ not considered, 612 So.2d 46 (La.1993); Grezaffi v. Smith, 572 So.2d 183, 184 (La.App. 1 Cir. 1990). Although this circuit has not yet addressed the applicability of La.Code Civ. P.Art. 76.1 to suits on open account, two other circuits have ruled on the question.
In Olinde v. Couvillion, 94-1275 (La. App. 4 Cir. 2/23/95), 650 So.2d 1241, 1242-1243, the fourth circuit held that suits on open account must follow the venue rule of Art. 42 rather than of Art. 76.1:
It has been correctly recognized that exceptions to the general rule of venue are in derogation of common rights and therefore must be strictly construed. The party urging the benefit of the exception is required to show he falls within its parameters. * * * Jurisprudence prior to 1991 was basically consistent that an action for breach of contract had to be brought in the defendant's domiciliary parish. * * * On occasion, both breach of contract and tort (quasi-offenses) were alleged and the courts permitted the exception of article 74 to control. * * * With the adoption of article 76.1 the legislature has provided another exception to the general venue rule in those instances which undoubtedly involve a breach of contract. Plaintiff's position in the instant case is that his claim is based on contract, and thus venue is proper. We disagree.
Plaintiff's suit is one on open account. It is styled as such, its allegations assert professional services over a period of time and annexed thereto is a "running" balance of charges and payments. Louisiana Revised Statute 9:2781(C) specifically includes charges for medical services within the meaning of open account. Although a claim on open account necessarily involves some type of contractual relationship between the parties, the law has recognized it in a different way than a normal breach of contract claim. For example, prescription on an open account accrues in three years, whereas a breach of contract claim prescribes in ten years. La.C.C. arts. 3494(4); 3499 * * *. Furthermore, specific legislation authorizes the award of attorney fees, even in the absence of a specific contractual provision, when a claim is made on open account. La.R.S. 9:2781. *357 And, as previously noted, the legislature has specifically defined what constitutes an open account. Id. There is no special legislation, however, which creates venue in open account suits other than that provided in article 42.
The Olinde court concluded that the legislature never intended to include open account claims within the purview of Art. 76. The court was compelled to assume that because those type claims have been treated differently by the legislature in other areas of the law, specific legislation would have been adopted with respect to venue. Thus, the court refused to create judicially a venue exception for open account claims and held that a claim in open account is governed by Art. 42.
Following Olinde, the first circuit ruled on the issue in Operational Technologies Corp. v. Environmental Contractors, Inc., 95 0413 (La.App. 1 Cir. 11/9/95), 665 So.2d 14, 15-16. Like the fourth circuit, the first circuit concluded that suits on open account must follow the venue rules of Art. 42:
Although a suit seeking payment for a balance due on an open account necessarily involves some type of contractual relationship between the parties, a suit on open account is different than a normal breach of contract claim. * * * The law has historically treated an open account unlike a contract, providing for different prescriptive periods ..., and providing for attorney's fees when the suit is one on open account.... In addition, an "open account" has been defined by the legislature in the Revised Statutes as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions ... [and] shall include debts incurred for professional services...." La.R.S. 9:2781C. There is no special legislation, however, which provides for venue for open account suits other than that provided in article 42.
The court noted the Louisiana Supreme Court recently stated in Jordan v. Central Louisiana Electric, 95-1270 (La.6/23/95), 656 So.2d 988, that the alternative provisions provided in Articles 71 through 85 are an "extension, supplement and legal part of the provisions of article 42," so the alternative venue provisions are no longer exceptions to Article 42's "home base" venue that should be strictly construed but rather are part and parcel of the general venue rule set forth in Article 42. The law has historically considered an open account different from a contract, so updating and restating the application of the alternatives to the general rules of venue does not alter the nature of the action. Because there is no alternative rule for suits on open account, the Operational Technologies court concluded, the general rules of venue provided in article 42 apply.
We agree with the reasoning set forth in the Olinde and Operational Technologies cases. Accordingly, we find the trial court erred in overruling the declinatory exception raising the objection of improper venue and we reverse that ruling.
When an action is brought in a court of improper venue, an appellate court has the discretion to dismiss the action or, in the interest of justice, transfer it to a court of proper venue. La.Code Civ.P.Art. 121; Belser v. St. Paul Fire & Marine Ins. Co., 509 So.2d 12, 20-21 (La.App. 1 Cir.1987). We elect to transfer this case to its proper venue.

DECREE
For the foregoing reasons, the judgment of the trial court overruling the declinatory exception of improper venue is reversed. Judgment is rendered sustaining the exception and remanding this action to the Civil District Court for the Parish of Orleans for further proceedings. The clerk of this court is ordered to transfer the record of these proceedings to the Clerk of Court for Civil District Court, Orleans Parish. The plaintiff is cast for the cost of this appeal.
REVERSED, RENDERED AND TRANSFERRED.