692 So.2d 1357 (1997)
Mack E. BARHAM
v.
Thomas E. RICHARD.
No. 97-C-0186
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1997.
Writ Denied June 20, 1997.
Robert E. Arceneaux, Travis L. Bourgeois, Barham & Arceneaux, New Orleans, for Relator.
Thomas E. Richard, Baton Rouge, in pro. per.
Before BYRNES, LOBRANO and LANDRIEU, JJ.
BYRNES, Judge.
We have granted relator's application for writ of certiorari to consider the validity of the trial court's judgment granting defendant's exception of venue. In deciding this writ application we find that:
(1) A promissory note is not a contract within the meaning of the venue article LSA-C.C.P. art. 76.1.
(2) The phrase "work or service" found in LSAC.C.P. art. 76.1 was not intended to apply to payment on a promissory note.
We reach these conclusions based on:
(1) Our analysis of the language of LSA-C.C.P. art. 76.1; and
(2) The specter of multi-parish lenders with a centralized payment center requiring small borrowers to defend themselves in the distant home parish of the lender's main office where the borrowers' *1358 only contact with that office is an address to which to mail payment(s).
Relator, Mack Barham, filed suit in Orleans Parish against the respondent, Thomas Richard, who is domiciled in East Baton Rouge Parish, to collect on a promissory note. The note was signed in Baton Rouge and provided that Richard was to pay Barham at his home in New Orleans. Richard filed an exception of improper venue arguing that the only proper venue was East Baton Rouge because he never resided or was domiciled in Orleans. The trial court granted the exception and transferred the case to East Baton Rouge Parish, citing this Court's opinion in Olinde v. Couvillion, 94-1275 (La.App. 4 Cir. 2/23/95), 650 So.2d 1241.
Relator applied to this Court for writs requesting that we reverse the venue ruling of the trial court. This Court grants writs in order to consider whether we should treat a suit on a promissory note as a suit on a contract or instead extend our ruling in Olinde which held that this Court would not treat suits on open accounts as suits on contract for venue purposes under LSAC.C.P. art. 76.1.
La. C.C.P. art. 76.1, provides:
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract. [Emphasis added.]
Barham argues that venue in Orleans Parish, the place of payment, is proper under LSA-C.C.P. art. 76.1 because the promissory note constituted a contract and because payment of the note in New Orleans was the "service" to be performed by Richard.
Relator cites Jordan v. Central Louisiana Electric Co., Inc., 95-1270 (La.6/23/95), 656 So.2d 988. In Jordan the plaintiff contracted with the defendant to buy immovable property in Iberia Parish and signed the act of sale in that parish while the defendant signed in Rapides Parish. The plaintiff then filed suit in Iberia Parish seeking the return of his deposit; and, the defendant objected on the grounds that the only proper venue was its domicile, Rapides Parish. The trial court denied the venue exception, which ruling the court of appeal reversed; and the Supreme Court reversed the granting of the venue exception by the court of appeal. The court construed Article 76.1 as authorizing venue in any of the parishes in which the contract was executed and stated:
Our construction is consistent with our holding in Kellis v. Farber, 523 So.2d 843 (La.1988). Kellis held that the alternative, optional venue provisions contained in La. Code Civ. Pro. articles 71 through 85 "are an extension, supplement and legal part of the provisions of article [sic] 42." 523 So.2d at 846. As a result, these alternative venue provisions are no longer exceptions to Article 42's "home base" venue that should be strictly construed, as was formerly required under Hawthorne Oil & Gas Corp. v. Continental Oil, 377 So.2d 285 (La.1979). Rather, these alternative provisions are part and parcel of the general venue rule set forth in Article 42.
Id. at p. 2, 656 So.2d at 989.
In Olinde, while acknowledging the contractual component of open accounts, we attached greater significance to the ways in which the law has treated open accounts differently from contracts generally.
The same result was reached in Operational Technologies Corp. v. Environmental Contractors, Inc., 95-0413 (La.App. 1st Cir. 11/9/95), 665 So.2d 14, which cited Olinde as support. In Operational Technologies, the First Circuit distinguished Jordan by stating that an action on an open account could not be treated as an action on a contract so as to fit under the alternative provision of Article 76.1 when the law had historically considered an open account to be different from a contract.
We find the reasoning in Olinde and Operational Technologies applicable to this claim on a promissory note. Suits on promissory notes and open accounts have prescriptive periods different from the ten year period applicable to contracts generally and historically been treated differently in many respects from ordinary contracts. See LSA-C.C. art. 3498, referring to promissory notes specifically, and LSA-C.C.P. art. 3494, referring *1359 to open accounts specifically, providing for prescriptive periods for those two forms of consensual obligations different from the ten year prescriptive period made applicable to contract claims generally under LSA-C.C. art. 3499. See also LSA-C.C.P. art. 1702B(3) which provides that when "the sum due is on open account or a promissory note [emphasis added] or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof for purposes of confirming a default, whereas LSA-C.C. art. 1702B(1) applies to defaults on conventional obligations, i.e., contracts generally.
Therefore, we hold that a promissory note is not a contract within the intendment of LSA-C.C.P. art. 76.1.
Barham does not allege that the promissory note was executed in the Parish of Orleans. Therefore, the facts of this case do not fall within the strict holding of Jordan which addressed only the question of where a contract was executed. In Olinde, which was decided by this Court prior to the Supreme Court's decision in Jordan, this Court noted that LSA-C.C.P. art. 76.1 was enacted as part of Act 217 of 1991 concerning "public and private works." This accounts for the reference in 76.1 to "work or service." However, in Jordan the Supreme Court chose to focus on the phrase "where the contract was executed" and did discuss that phrase in the context of Act 217 as a whole and did not discuss how the phrase "work or service" might be seen to limit the application of LSA-C.C.P. art. 76.1 within the context of Act 217 of 1991. Although this Court might not take as broad a view of LSA-C.C.P. art. 76.1 as the Supreme Court did in Jordan were this Court to be presented with the Jordan facts as a res nova issue, we recognize that we are now bound by that decision. However, where we find, as we do in this case, that to hold that LSA-C.C.P. art. 76.1 applies to all forms of consensual obligations without limitation or exception could create undue, and unreasonable hardship, and, more importantly, hardship unintended by the legislature for broad classes of potential defendants, we feel justified in declining to extend Jordan beyond its facts.
LSA-C.C.P. art. 76.1 provides for venue in contract cases not only in the parish of execution, but also in the parish "where any work or service was performed ..." As Barham has not shown that the promissory note was executed in Orleans Parish, in order for Barham to prevail under LSA-C.C.P. art. 76.1 he must show that the promissory note was a contract within the intendment of LSA-C.C.P. art. 76.1 (which we have already found it not to be) and that "work or service" was performed in Orleans. In effect Barham would have this Court find that the phrase "work or service" as used in LSA-C.C.P. art. 76.1 is a synonym for "payment" or "performance." "Work or service" are forms of contractual performance, but this does not mean that "work or service" includes all forms of performance. Although the fact that where a promissory note is concerned, payment is performance, we do not agree that "work or service" means "payment." In other words, just because "work or service" always means performance does not mean that performance always means "work or service," i.e., there are forms of performance, including payment on a promissory note, that do not constitute "work or service."
Expressed in logical form Barham's argument is:
All payments on promissory notes constitute performance.
All "work and service" under LSA-C.C.P. art. 76.1 constitute performance.
Therefore, all payments on promissory notes constitute "work and service" under LSA-C.C.P. art. 76.1.
This reasoning relies on the fallacy of the "undistributed middle." It is the logical equivalent of the following:
All dogs are mammals.
All cats are mammals.
Therefore, all cats are dogs.[1]
Had it been the intention of the legislature when it enacted LSA-C.C.P. art. 76.1 to include all forms of performance within the phrase "work or service" it would have been so easy for the article to have provided for venue using straightforward, non-technical *1360 language such as, "where the contract was performed," or "where the object of the contract was performed," that we must conclude that the failure to do so was deliberate. Both of these phrases are broad enough to encompass all forms of performance, including payment on a promissory note, and are simple and straightforward enough that the fact that the legislature chose instead to adopt the phase "work or service" cannot be seen as accidental.
We do not believe that "work or service" was intended to encompass an act as insubstantial as mailing a check to a certain address in payment of a promissory note. If this Court were to adopt Barham's argument, borrowers making small loans from multi-parish financial institutions might go into their local branch office and borrow money on note forms requiring payments to be mailed to the main office in some distant parish only to find themselves sued in that distant home office parish for no other reason. We do not believe that the legislature intended such a result when it enacted LSA-C.C.P. art. 76.1, and had that been the intention of the legislature, it would have said so in much more direct language.
Barham cites Guaranty Bank of Mamou v. State Through Office of Student Financial Assistance, 96-196 (La.App. 3d Cir. 7/17/96), 677 So.2d 1109, as holding that venue is proper in a suit on a promissory note at the place of payment. In Guaranty Bank, the plaintiff filed suit against the State, through the Office of Student Financial Assistance (OFSA), for the State's failure to honor its contract of guaranty on defaulted student loans. The State had refused to honor the guaranty because a bank vice-president fraudulently signed the borrowers' names on the loans. The suit was filed in Evangeline Parish, and the State excepted to venue arguing that it had to be sued in East Baton Rouge Parish. The Third Circuit affirmed the trial court's ruling denying the venue exception.
Guaranty Bank does not control the instant case for a number of reasons: (1) It is a Third Circuit opinion and is, therefore, not binding on this Court. (2) The Guaranty Bank court found that the "contract" in question had been "executed" in Evangeline Parish, and venue was proper there. Jordan, supra. In the instant case Barham does not contend that the note was executed in Orleans Parish where he filed suit. (3) In Guaranty Bank the plaintiff was suing the defendant on "its contract of guaranty of defaulted student loans" which involved substantially greater performance obligations than the mere payment of a promissory note. The loan guaranty contract called for the plaintiff to perform physical acts of "due diligence" including collection efforts, many of which acts could be characterized as "work or services" performed in Evangeline Parish where plaintiff filed suit.
Although Guaranty Bank states that the fact that repayment is to occur in Evangeline Parish is most important, the opinion only mentions that fact in one sentence, almost as an afterthought. In the context of the Guaranty Bank opinion as a whole, place of payment does not appear to have been of paramount importance in the thinking of the court. In any event, the Guaranty Bank court did not treat the suit for venue purposes as one on a promissory note.
For the foregoing reasons, we affirm the judgment of the trial court.
WRIT GRANTED; RELIEF DENIED, JUDGMENT AFFIRMED.
NOTES
[1] Aldisert, "Logic for Lawyers", 10-5. (Clark Boardman Callahan, 1992).