JiSCHOTT, Chief Judge.
This is a suit on an open account. The trial court sustained an exception of venue filed by defendant and plaintiff has appealed. The issue is whether venue is proper in Orleans Parish pursuant to LSA-C.C.P. Art. 77 even though defendant is domiciled in Lafourche Parish. We reverse.
Although defendant is a corporation with its registered office in Lafourche Parish, it maintained a business office in New Orleans. Plaintiff provided legal services to defendant under the supervision of the New Orleans office.
The general rules of venue provide that a suit against a domestic corporation shall be brought in the parish where its registered office is located. C.C.P. art. 42(2). However, an action against a corporation having a business office in a parish other than the one where the registered office is located on a matter over which this office had supervision may be brought in the parish where this office is located. C.C.P. Art. 77.
Defendant relies on language taken from Olinde v. Couvillion, 94-1275 (La.App. 4 Cir. 2/23/95), 650 So.2d 1241, 1242, in which the court stated, 12*‘There is no special legislation, however, which creates venue in open account suits other than that provided in article 42.” While this language taken out of the context of the ease clearly supports the defendant, the Olinde case is clearly distinguishable from the present case and is inap-posite. The only issue in that case was whether a suit on an open account could qualify as an action on a contract so that the venue provisions of C.C.P. Art. 76.1 would apply. The court held that the legislature never intended to include open account claims within the purview of C.C.P. Art. 76.1.
This case is controlled by Jordan v. Central Louisiana Electric Co., Inc., 95-C-1270 (La.6/23/95), 656 So.2d 988 in which the Supreme Court reiterated its previous holding in Kellis v. Farber, 523 So.2d 843 (La.1988). In that case the court held that the alternative, optional venue provisions of C.C.P. Arts. 71-85 are not exceptions to C.C.P. Art. 42’s “home base” venue that should be strictly construed, but they are part and parcel of the general venue rule set forth in C.C.P. Art. 42.
Accordingly, the judgment appealed from is reversed and set aside. The exception of venue is overruled and the case is remanded to the trial court for further proceedings. All costs of this appeal are assessed against defendant. The assessment of the balance of costs will await the case’s outcome.

REVERSED AND REMANDED.