709 So.2d 366 (1998)
LONG LEAF VENDING, INC.
v.
The LOUISIANA COCA-COLA BOTTLING COMPANY and Delta Beverage of Louisiana, Inc.
No. 97-CA-1359.
Court of Appeal of Louisiana, Fourth Circuit.
April 8, 1998.
Rehearing Denied April 30, 1998.
*367 Leon H. Rittenberg, Jr., Leon H. Rittenberg III, Lance J. Arnold, Baldwin & Haspel, L.L.C., New Orleans, for Appellant Long Leaf Vending, Inc.
Madison C. Moseley, Bruce A. Cranner, Blue Williams, L.L.P., Metairie, for Appellee Delta Beverage Group, Inc.
Before BARRY, PLOTKIN and JONES, JJ.
BARRY, Judge.
Long Leaf Vending, Inc. appeals a judgment which maintains an exception of improper venue and dismisses Delta Beverage Group, Inc. from its action in Orleans Parish. Delta Beverage also filed exceptions of nonconformity with art. 891, vagueness, and prematurity. In the judgment maintaining the venue exception, the trial court held those exceptions moot.
Long Leaf Vending filed suit against Delta Beverage Group, Inc.(incorrectly referred to in the petition as Delta Beverage of Louisiana, Inc.) and Louisiana Coca-Cola Bottling Company, Limited (LCCB) claiming violations of La. R.S. 51:1401 et seq., the Unfair Trade Practices and Consumer Protection Law. Long Leaf Vending alleged that Delta Beverage and LCCB were engaging in anti-competitive and unfair trade practices by overcharging for drink syrup, soliciting Long Leaf's current and past clients for placement of drink machines, making donations to schools and universities, offering unusually high commissions, and selling supplies at prices charged to independent vendors.
Long Leaf Vending's clients listed in the petition were businesses, hotels, and schools including Xavier University, Xavier Preparatory School, Tulane University, Sarah T. Reed (listed as Reeves) High School, St. Mary's Dominican High School, Ursuline Academy, McMain School, Warren Easton High School, Regional Transit Authority, three Holiday Inns located in New Orleans, Baptist Hospital, Jo Ellen Smith Hospital, Aquarium of the Americas, the Audubon Institute, one Holiday Inn on Veterans Blvd., Meadowcrest Hospital, Bonnabel High School, and Southeastern Louisiana University.
Delta Beverage argued in support of the exception of improper venue that it was a foreign corporation licensed to do business in Louisiana and its principal place of business was 1501 Corporate Drive in Shreveport, Louisiana. The trial court sustained Delta Beverage's exception and signed a judgment of dismissal. Subsequently, a minute entry was entered to reflect a conference between counsel for LCCB, Delta Beverage and the trial court during which an understanding was reached that the only defendant dismissed on the venue exception was Delta Beverage. The court held that proper venue for Delta Beverage was Caddo Parish. The court noted that LCCB did not file a venue exception and answered the petition prior to the filing of Delta Beverage's exception.
Long Leaf Vending argues that under La. C.C.P. arts. 42 and 74 venue is proper in Orleans Parish where Delta Beverage engaged in prohibited conduct and Long Leaf lost revenues.
Under the general rules of venue in La. C.C.P. art. 42 an action against a foreign corporation licensed to do business in Louisiana *368 shall be brought in the parish where its principal place of business in the state is located or the parish designated as its principal business establishment in its application to do business in Louisiana. La. C.C.P. art. 43 provides that the general rules of venue under art. 42 are subject to exceptions in arts. 71-85 and otherwise provided by law.
Under La. C.C.P. art. 74 an action for damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or where the damages were sustained. This Court has interpreted the phrase "where the damages were sustained" to mean the place where the negligence or breach of duty which caused the damage occurred. Lapeyrouse v. United Services Automobile Association, 503 So.2d 627 (La. App. 4 Cir.1987).
La.C.C.P. arts. 71-85 are an "extension, supplement and legal part of the provisions of article 42." Jordan v. Central Louisiana Electric Co., Inc., 95-1270 (La.6/23/95), 656 So.2d 988, 989, quoting Kellis v. Farber, 523 So.2d 843, 846 (La.1988). See also Barham v. Richard, 97-0186 (La.App. 4 Cir. 4/9/97), 692 So.2d 1357, writ denied 97-1181 (La.6/20/97), 695 So.2d 1360. The alternative provisions are no longer considered exceptions to article 42 that should be strictly construed, but are "part and parcel of the general venue rule set forth in Article 42."[1]Jordan, 656 So.2d at 989.
In a case involving allegations of unfair trade practices as well as tortious interference with contract, this Court has held that venue is proper under La. C.C.P. art. 74 in the parish where the wrongful conduct or breach of duty occurred, not where the plaintiff suffered subsequent consequences. United Brotherhood of Carpenters Local Union No. 1846 v. Caldwell, 552 So.2d 462 (La. App. 4 Cir.1989). See also Simmons v. Templeton, 96-0592, 96-0704 (La.App. 4 Cir. 11/27/96), 684 So.2d 529, writ denied 96-3089 (La.2/7/97), 688 So.2d 508.
Long Leaf Vending's petition alleged that Delta Beverage Group engaged in unfair trade practices in New Orleans where most of Long Leaf's clients listed in the petition were located. Under La. C.C.P. art. 74 Orleans Parish is a proper venue. That permits judicial recovery and avoids multiple trials. See La. C.C.P. art. 123.
The trial court erred by maintaining the exception of venue. The judgment is reversed and this matter is remanded for further proceedings.
REVERSED; REMANDED.
NOTES
[1] The cases cited in this paragraph involve the use of La. C.C.P. art. 76.1.