735 So.2d 623 (1999)
ANTIN-QUEALY, INC.
v.
WTA MARINE, INC.
No. 99-CC-0952.
Supreme Court of Louisiana.
June 4, 1999.
PER CURIAM.[*]
Writ granted. On plaintiff's application, we exercise our supervisory jurisdiction to correct an erroneous ruling by the trial court, granting defendant's exception of improper venue.
Plaintiff, Antin-Quealy, Inc., is a Louisiana corporation domiciled in Tangipahoa Parish. Plaintiff entered into two contracts with defendant, WTA Marine, Inc. ("WTA"), a corporation domiciled in Lafourche Parish. The contracts were negotiated by mail, phone and fax. They were executed by plaintiff in Tangipahoa Parish, and by defendant in Lafourche Parish.
Subsequently, plaintiff filed the instant suit in Tangipahoa Parish, seeking declaratory relief regarding the contracts. WTA filed an exception of improper venue, arguing that Tangipahoa Parish was not the proper venue for this suit.
After a hearing, the trial court granted WTA's exception of improper venue, and transferred the case to Lafourche Parish. Plaintiff filed an application for supervisory writs, and the court of appeal denied the writ, finding the trial court's ruling was correct. WTA then applied to this court.
In Jordan v. Central Louisiana Electric Co., Inc., 95-1270 (La.6/23/95), 656 So.2d 988, we addressed a situation where a contract was executed in more than one parish. We construed La.Code Civ. P. art. 76.1 as authorizing venue in any of the parishes in which the contract was executed.
In the instant case, it is undisputed that the contract was executed by WTA in Lafourche Parish and by plaintiff in Tangipahoa Parish. Tangipahoa Parish is therefore a proper venue for the suit under La.Code Civ. P. art. 76.1. Moreover, since Tangipahoa Parish is the parish of plaintiff's *624 domicile, the case may not be transferred to another parish on the basis of forum non conveniens. See La.Code Civ. P. art. 123 A.
Accordingly, the judgment of the trial court granting the exception of improper venue and transferring the case to Lafourche Parish is reversed. The case is remanded to the 21st Judicial District Court for the Parish of Tangipahoa for further proceedings.
NOTES
[*] Johnson, J. not on panel. Rule IV, Part II, § 3.