NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-1371

SOUTHWEST RICE MILL CO., INC.

VERSUS

KURT SMITH, ET AL.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 84,722
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders and Glenn B. Gremillion, Judges.

AFFIRMED AS AMENDED.

J. Clay Lejeune
P. O. Box 1919
Crowley, LA 70527
(337) 788-1505
Counsel for Plaintiff/Appellant:
    Southwest Rice Mill Co., Inc.

**Errol D. Deshotels**
**Deshotels, Mouser & Deshotels**
**P. O. Box 399**
**Oberlin, LA 70655**
**(337) 639-4309**
**Counsel for Defendant/Appellee:**
      **Kurt Smith**

**Merrick J. (Rick) Norman, Jr.**
**Norman Business Law Center**
**145 East Street**
**Lake Charles, LA 70601**
**(337) 436-7787**
**Counsel for Defendant Appellee:**
      **Louisiana Farm Bureau Marketing Assoc., Inc.**

**Michael B. Holmes**
**P. O. Drawer 790**
**Kinder, LA 70648**
**(337) 738-2568**
**Counsel for Defendant/Appellee:**
      **Bertrand Rice, L.L.C.**

GREMILLION, Judge.

The plaintiff, Southwest Rice Mill Co., Inc., appeals the judgment of the trial court granting an exception of venue in favor of the defendant, Bertrand Rice, L.L.C. finding that Acadia Parish was not a proper venue in this matter. We affirm as amended.

## FACTS

Southwest Rice filed a Petition for Breach of Contract and For Damages against Kurt Smith, Louisiana Farm Bureau Marketing, and Bertrand Rice seeking damages for breach of contract by Smith and Louisiana Farm Bureau, and tortious interference with contract and violation of unfair trade practices by Bertrand Rice. In its petition, it alleged that Smith and Louisiana Farm Bureau breached a June 24, 2005 contract for the sell of rice by later agreeing to sell the same rice crop to Bertrand Rice. As a result, Southwest Rice Mill, who had already contracted to sell the rice to a third party, had to replace the rice at an increased expense and at a loss of additional profits.

In response, Smith and Bertrand Rice filed exceptions of improper venue objecting to venue in Acadia Parish. Following a hearing on the exceptions, the trial court maintained the exceptions and gave Southwest Rice fifteen days to transfer its suit to a proper venue. Thereafter, Southwest Rice amended its petition alleging additional facts. The exception of improper venue was reurged by Bertrand Rice. After a hearing, the trial court maintained the exception. This appeal by Southwest Rice followed.

1

## ISSUES

On appeal, Southwest Rice raises two assignments of error committed by the trial court. It argues that the trial court erred in finding that Acadia Parish was an improper venue for this matter and by not allowing it the opportunity to remove the matter to a court of proper venue.

## EXCEPTION OF VENUE

First, Southwest Rice argues that Acadia Parish was a proper venue for its claim against Bertrand Rice. It argues that Smith, Louisiana Farm Bureau, and Bertrand Rice are jointly and solidarily liable for the damages it suffered, thus, as venue proper in Acadia Parish as to Smith and Louisiana Farm Bureau, then it is proper as to Bertrand Rice.

> Because venue is a question of law, the appellate court should conduct a *de novo* review of the record. Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La.C.C.P. art. 41. Generally, an action against an individual who is domiciled in the state shall be brought in the parish of his domicile, and an action against a domestic limited liability company shall be brought in the parish where its registered office is located. La.C.C.P. art. 42(1) and (2). However, these general rules are subject to certain exceptions, which are an extension, supplement, and legal part of the general venue provisions, rather than exceptions requiring strict construction. La.C.C.P. art 43[.] A plaintiff may choose any supplementary venue provided by law that fits the particular circumstances of his claims.

*Novelaire Technologies, L.L.C. v. Harrison*, 06-94, p. 8 (La.App. 5 Cir. 7/25/06), 939 So.2d 437, 442 (citations omitted).

The pertinent venue exceptions at issue in this matter are La.Code Civ.P. arts. 73, 74, and 76.1. Article 73(A) provides:

> An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is

2

made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish were the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3202.

In addition, the plaintiff must also allege facts sufficient to prove that the defendants are jointly or solidarily obligated. *Price v. Roy O. Martin Lumber Co.*, 04-227, 03-2647, 03-2699-71 (La.App. 1 Cir. 4/27/05), 915 So.2d 816, *writ denied*, 05-1390 (La. 1/27/06), 922 So.2d 543.

Article 74 provides in part that "[a]n action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained." Article 76.1 provides that "[a]n action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract."

After performing a de novo review of the record, we find that the trial court correctly found that Acadia Parish was an improper venue as to Bertrand Rice. In its initial petition, Southwest Rice stated that Bertrand Rice was a Louisiana limited liability company authorized to do and doing business in Acadia Parish, with its current mailing address in Elton, Jefferson Davis Parish, Louisiana. It further alleged that its contract to purchase the rice was breached as a result of Bertrand Rice's tortious interference with the contract and the violation of unfair trade practices.

In its original and amended petitions, Southwest Rice alleged that Smith and Louisiana Farm Bureau's liability arose from breach of contract. It further

3

alleged that Bertrand Rice was liable to it for breach of contract, tortious interference of contract, and unfair trade practices. It then alleged that all of the defendants were jointly and solidarily liable to it for the resulting damages.

However, we find no solidarity between Bertrand Rice and the other two defendants. Louisiana Civil Code Article 2324(A) provides, "He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." Southwest Rice's claims against Smith and Louisiana Farm are contractual in nature, whereas its claims against Bertrand Rice are tortious in nature. As solidarity only lies for intentional acts, there is no solidarity between Bertrand Rice and the other two defendants. Pursuant to Article 76.1, venue would be appropriate as to Smith and Louisiana Farm Bureau in the parish where the contract was executed or where any action was performed or was to be performed pursuant to its terms.

In cases involving tortious interference of contracts and unfair trade practices, venue has been found appropriate pursuant to Article 74 where the complained of conduct occurred, not where the plaintiff suffered subsequent consequences. *Long Leaf Vending, Inc. v. La. Coca-Cola Bottling Co.,* 97-1359 (La.App. 4 Cir. 4/8/98), 709 So.2d 366. In this instance, venue would be proper where ever the contract between Smith and Bertrand Rice was executed. Presumably this would be either in Allen Parish (Smith) or Jefferson Davis Parish (Bertrand Rice), but certainly not in Acadia Parish (Southwest Rice). Accordingly, we find no error in the trial court's order maintaining Bertrand Rice's exception of venue.

4

**DISMISSAL**

In its second assignment of error, Southwest Rice argues that the trial court erred by not allowing it the opportunity to transfer its suit to a parish of proper venue as to Bertrand Rice. Although the trial court allowed Southwest Rice fifteen days to transfer its suit after maintaining the first exception of improper venue, it failed to do so after maintaining the exception at the reurging of Bertrand Rice.

Louisiana Code Civil Procedure Article 932(B) provides:

> If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action, claim, demand, issue, or theory subject to the exception shall be dismissed; except that if an action has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.

Comment (b) to La.Code Civ.P. art. 932 states that "[i]t is contemplated that dismissal would result only in those cases where such a transfer would not be possible or would not be conducive to the administration of justice. Such a dismissal would not preclude the filing of an action in the proper court." *See Vallejo Enter., L.L.C. v. Boulder Image, Inc.*, 05-2649 (La.App. 1 Cir. 11/3/06), 950 So.2d 832.

In this instance, we believe that the interests of justice requires that Southwest Rice be granted the opportunity to transfer its claims against Bertrand Rice to a court of proper venue. Accordingly, the judgment of the trial court is amended to grant it fifteen days in which to transfer those claims.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is amended to grant the plaintiff-appellant, Southwest Rice Mill Co., Inc., fifteen days in which to transfer its claims against the defendant, Bertrand Rice, L.L.C., to a court of proper

5

venue.  The judgment is affirmed in all other respects.  The costs of this appeal are assessed to Southwest Rice Mill Co., Inc.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION, Uniform Rules—Courts of Appeal, Rule 2-16.3.