767 So.2d 712 (2000)
Bonnie BLOOMER
v.
LOUISIANA WORKERS' COMPENSATION CORP.
No. 99 CA 0707.
Court of Appeal of Louisiana, First Circuit.
May 12, 2000.
*713 Mark W. Smith, Metairie, for Plaintiff Appellant.
Frank E. Brown, Metairie, for Defendant Appellee.
Before: SAUNDERS, DECUIR and PETERS, JJ.[*]
SAUNDERS, J.
Bonnie Bloomer, hereinafter Plaintiff, was involved in an automobile accident while in the course and scope of her employment with Pottery World, Inc. With the approval of her employer's insurer, the Louisiana Workers' Compensation Corporation, hereinafter Defendant, Plaintiff settled with the third party tortfeasor. After Defendant refused to reimburse Plaintiff its pro rata share of recovery costs, Plaintiff brought suit in St. Tammany Parish for recovery of the same. From the trial judge's grant of Defendant's Exception of Improper Venue, Plaintiff appeals. We reverse.

FACTS
On October 23, 1996, Plaintiff and Noel Schraufnagel were involved in an automobile accident which occurred on Gause Boulevard in St. Tammany Parish, Louisiana. At the time of the accident, Plaintiff was in the course and scope of her employment with Pottery World, Inc., who was insured by Defendant. Plaintiff settled her third party tort claim against Schraufnagel and Schraufnagel's insurer, Geico, for $96,000.00. This settlement was submitted to and approved by Defendant, and Defendant was reimbursed for all sums it had paid out up to that time. Defendant also claimed a credit for future benefits against the balance of the settlement funds.
Under Moody v. Arabie, 498 So.2d 1081 (La.1986)[1], Plaintiff sought from and was *714 denied by Defendant a pro rata share of recovery costs. Plaintiff filed suit for the same against Defendant on November 4, 1997, in the 22nd Judicial District Court, Parish of St. Tammany. Defendant brought a Declinatory Exception of Improper Venue arguing that under La.Code Civ.P. art. 42(2), proper venue is in East Baton Rouge Parish, the parish where Defendant's registered office is located. A hearing was held on the issue of venue in the 22nd Judicial District Court in St. Tammany Parish wherein judgment was entered on September 2, 1998, in favor of Defendant's Exception; Plaintiffs case was dismissed without prejudice and at her cost.

LAW AND ANALYSIS
The sole issue to be addressed on appeal is whether St. Tammany Parish or East Baton Rouge Parish is the proper place for Plaintiff to bring suit against Defendant. Plaintiff argues because Moody determined that a compensation carrier and a compensation worker possess a co-ownership property interest in the right to recover damages from a third person tortfeasor, that a quasi-contract exists between the carrier and worker. The Moody court explained that under this co-ownership regime, "each co-owner is liable for necessary maintenance and conservation costs, such as those involved in filing suit and interrupting prescription, regardless of whether he consented to them." 498 So.2d at 1086. Plaintiff argues where Defendant was notified and agreed with the settlement between Plaintiff and the third party tortfeasor, a quasi-contract arose between Defendant and Plaintiff where Plaintiff acted as co-owner in Defendant's interest and thus, as Defendant's agent. In Burns v. Sabine River Authority, 614 So.2d 1337, 1339 (La.App. 3 Cir.1993), the Third Circuit discussed the concept of quasi-contract:
The management of another's affairs gives rise to a quasi contract. LSA-C.C. Art. 2295. Whether the owner be acquainted with the undertaking or ignorant of it, the quasi contractual relationship of negotiorum gestio occurs. Id. When the manager assumes the agency, he contracts the tacit engagement to continue the management he has begun and to complete it. Id. Planiol states that a gestion d'affaires is created in every case where a person accomplishes a juridical act in the interest of another without having been charged to do so. 2 M. Plainol, Civil Law Treatise pt. 2, no. 2273 at 308 (11th Ed.La.St.L.Inst.trans. 1959).
We agree that where Plaintiff acted to affect Defendant's property interest in their common right of action against the third party tortfeasor, Plaintiff acted as agent for Defendant, giving rise to a quasi-contract. In light of this, we consider the proper place of venue.
Under Jordan v. Central Louisiana Elec. Co., Inc., 95-1270 (La.6/23/95); 656 So.2d 988, the exceptions to the general rules of venue are no longer to be strictly construed. The supreme court in Jordan explained:
[T]he alternative, optional venue provisions contained in La.Code Civ.Pro. articles 71 through 85 "are an extension, supplement and legal part of the provisions of article 42." As a result, these alternative venue provisions are no longer exceptions to Article 42's "home base" venue that should be strictly construed, as was formerly required under Hawthorne Oil & Gas Corp. v. Continental Oil, 377 So.2d 285 (La.1979). Rather, these alternative provisions are part and parcel of the general venue rule set forth in Article 42.
656 So.2d at 989. (Citations omitted.)
Defendant argues that the proper venue for this suit falls under the general rule *715 which provides that suit against a "domestic insurer ... shall be brought in the parish where its registered office is located." La.Code Civ.P. art. 42(2). Plaintiff, however, argues that La.Code Civ.P. art. 76.1 should apply by virtue of the quasi-contract which arose from their co-ownership interest in the settlement money and Plaintiffs having acted on Defendant's behalf. La.Code Civ.P. art. 76.1 provides:
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
Venue is a question of law and where a legal error interdicts the fact finding process and the record is otherwise complete, an appellate court should then conduct a de novo review of the record. Evans v. Lungrin, 708 So.2d 731 (La. 1998). We note that La.Code Civ.P. art. 76.1 is a permissive article, hence making proper venue for this matter dictated either by La.Code Civ.P. art. 42 or by La. Code Civ.P. art. 76.1; accordingly, we find it was not error for the Plaintiff to bring her case in St. Tammany Parish if Plaintiff establishes that the contract (quasi-contract) was either executed or performed in St. Tammany Parish. In view of a record which does not set forth the activities involved in the making of the settlement agreement between Plaintiff and the third party tortfeasor, we cannot answer the La.Code Civ.P. art. 76.1 question of where the quasi-contract was executed or performed. We note that in oral argument, Plaintiffs attorney indicated that all such activities occurred in St. Tammany Parish; however, in view of Defendant's refusal to stipulate to this fact, we must remand this matter for further proof.

CONCLUSION AND DECREE
In light of the foregoing, we reverse and remand this matter for determination of where the quasi-contract, which arose between Plaintiff and Defendant by virtue of Plaintiff's actions in protecting Defendant's co-ownership interests, either arose or was performed for the purposes of establishing venue under La.Code Civ.P. art. 76.1. All costs of appeal are assessed against Defendant.
REVERSED AND REMANDED.
NOTES
[*] Sitting pro tempore by appointment of the Supreme Court of Louisiana.
[1] Moody held that a compensation carrier and a compensation worker, as co-owners in the right to recover damages from a tortfeasor, are "always obliged to contribute in proportion to his interest in the right, and that, with respect to any other litigation costs, each co-owner is responsible for his proportionate part of reasonable and necessary expenses and legal services that accrue to his benefit." 498 So.2d at 1085.