855 So.2d 895 (2003)
LOUISIANA SAFETY ASSOCIATION OF TIMBERMEN SELF INSURANCE FUND, Plaintiff-Appellee,
v.
A-1 PALLET COMPANY, Defendant-Appellant.
No. 37,648-CA.
Court of Appeals of Louisiana, Second Circuit.
September 24, 2003.
*896 C. Daniel Street, Monroe, for Appellants, A-1 Pallet Company and Denny Braswell.
Joseph J. Bailey, Alexandria, for Appellee.
Before WILLIAMS, CARAWAY and DREW, JJ.
CARAWAY, J.
This appeal concerns a venue dispute for a contract suit regarding the non-payment of insurance premiums. The suit was brought in the parish of the plaintiff's administrative offices, where services under the contract were allegedly performed. The defendant appeals the denial of his exception of improper venue. For the following reasons, we affirm.

Facts and Procedural History
Louisiana Safety Association of TimbermenSelf Insurance Fund (hereinafter "LSAT") filed this suit in Winn Parish against defendant, Albert G. "Denny" Braswell, d/b/a A-1 Pallet Company (hereinafter "Braswell"), seeking approximately $19,000 allegedly due for worker's compensation insurance premiums for the years 1994 through 1998. Upon an evidentiary *897 hearing on Braswell's exception of improper venue, the following information regarding the parties' relationship was revealed.
In 1992, Braswell contracted for workers' compensation insurance with LSAT. At that time, Braswell resided in Ferriday in Concordia Parish where his business was also located. An agent for LSAT initially contacted Braswell in Ferriday, and the contract between Braswell and LSAT was executed there. At the time of trial, Braswell had moved to Catahoula Parish, but his business was still located in Ferriday.
The evidence further revealed that the administrative office of LSAT was in Winn Parish, where LSAT received premiums and performed premium accounting. LSAT also initiated premium audits and issued certificates from the Winn Parish office. We also note that the contract between Braswell and LSAT contained language stating that in the event of litigation regarding collection under the agreement, "the parties stipulate that the proper venue for the legal action shall be at the location of the administrative office of the Fund."
When Braswell originally entered into the contract with LSAT, his premium was based on an estimate of the business payroll. Subsequently, the payment for premiums was calculated from the actual payroll dollars reported each month by Braswell. Each year, LSAT conducted a premium audit by sending an auditor to Braswell's business in Ferriday to verify the payroll records for that year. LSAT would then either credit or debit to Braswell's account based upon the audit information.
From the trial court's denial of the exception, Braswell brings this appeal of the interlocutory ruling pursuant to La. C.C.P. art.2083.

Discussion
Braswell argues that the controlling venue article is La. C.C.P. art. 76 which provides for suits pertaining to contracts of insurance. Winn Parish is not a venue under Article 76. The venue for actions on contracts generally is set forth under La. C.C.P. art. 76.1 which provides:
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
Braswell argues that Article 76.1 is inapplicable in light of the specific venue for insurance contracts under Article 76 and, alternatively, he insists that no "work or service" was performed under the contract in Winn Parish.
Contrary to Braswell's arguments, we find that Article 76.1 does have application in this case. As we observed in Clarendon Nat'l Ins. Co. v. Belt, 33,997 (La.App.2d Cir.8/25/00), 766 So.2d 717, writ denied, 00-2673 (La.11/17/00), 774 So.2d 982, the provisions of La. C.C.P. art. 76.1 do not expressly limit the article's application to any particular type of contract. Clarendon was an action seeking a declaratory judgment on an insurance policy, and the same argument against the application of Article 76.1 was rejected by this court. We held that both Articles 76 and 76.1 provide permissive optional venues in keeping with the interpretations of the venue statutes of our supreme court. See, Jordan v. Central Louisiana Elec. Co., Inc., 95-1270 (La.6/23/95), 656 So.2d 988. Accordingly, the contract between Braswell and LSAT squarely falls within the scope of the language of Article 76.1 which may govern venue in this case.
Next, the evidence revealed that "services" under the terms of the contract *898 were performed in Winn Parish, making that parish a proper venue under Article 76.1. Winn Parish was the location of the administrative office of LSAT and the parish where Braswell mailed his monthly premiums and the payroll reporting forms from which LSAT calculated his premium. Furthermore, LSAT's office was the location from which the auditor was sent to verify the payroll records, and to which the auditor's information was returned for comparison with the payroll information submitted by Braswell. As we observed in Coleman v. Fisher Lumber Corp., 28,446 (La.App.2d Cir.6/26/96), 677 So.2d 678, writ denied, 96-1789 (La.9/3/96), 678 So.2d 558:
As we appreciate Art. 76.1, "an action on a contract," of whatever type, may be brought in "the parish where any work or service was performed or was to be performed under the terms of the contract." (Our emphasis.) The article is not facially ambiguous and does not restrict or limit its applicability to actions on certain types of contracts or to situations where a "substantial" or some other measurable amount of the contractual work or service was performed or was to be performed in the parish where the action is brought.
Under this ruling, the services rendered by LSAT in Winn Parish are therefore sufficient to support venue in that parish.
Finally, because of our prior decisions regarding Article 76.1 which are controlling in this case, we have pretermitted discussion of the parties' contractual provision regarding venue. Such provision is in question under Louisiana law and the jurisprudence. See, Tulane Industrial Laundry, Inc. v. Quality Lube & Oil, Inc., 00-0610 (La.App. 4th Cir.1/24/01), 779 So.2d 99; La. C.C.P. art. 44; and La. R.S. 51:1407.
Accordingly, the venue of Winn Parish is appropriate in this case. The trial court's ruling is affirmed and costs of appeal are assessed to appellant.
AFFIRMED.