876 So.2d 142 (2004)
Darryl N. LEWIS
v.
MARSHALL BROS. LINCOLN-MERCURY, INC., et al.
No. 2004-C-0507.
Court of Appeal of Louisiana, Fourth Circuit.
May 19, 2004.
*143 Matthew K. Brown, Sullivan, Stolier & Resor, New Orleans, LA, for Plaintiff/Relator.
(Court composed of Judge CHARLES R. JONES, Judge MAX N. TOBIAS, Jr., and Judge ROLAND L. BELSOME).
MAX N. TOBIAS, Jr., Judge.
We grant the application for supervisory writs of the plaintiff/appellant, Darryl N. Lewis ("Lewis"), to consider whether the trial court erred in granting the exception of venue filed by the defendant/respondent, Ford Motor Company ("Ford"). For the following reasons, we affirm the trial court's judgment.
Lewis alleges that he purchased a new 1999 Lincoln Navigator SUV manufactured by Ford from co-defendant, Marshall Bros. Lincoln-Mercury, Inc. ("Marshall Bros."). He was dissatisfied with the vehicle and sought repairs on numerous occasions, apparently from Marshall Bros. Although Marshall Bros. made numerous attempts at satisfying Lewis, they were unsuccessful, concluding, after consultation with Ford, that the problem of which Lewis complained was part of the design of the vehicle that could not be corrected.
Lewis, a domiciliary of Orleans Parish, then filed his suit against both Ford and Marshall Bros. in Orleans Parish, alleging a redhibitory defect in the vehicle. Ford is a non-Louisiana corporation with its principal Louisiana business establishment in Louisiana being located in Jefferson Parish and its registered agent located in East Baton Rouge Parish. Marshall Bros. is a non-Louisiana corporation with its principal office, Louisiana registered business office, and registered agent all located in Jefferson Parish. To Lewis' petition, Ford filed an exception of venue, asserting that the only proper venue was Jefferson Parish pursuant to La. C.C.P. art. 42[1] or 76.1.[2] Ford further asserted that Normand v. Ford Motor Co., Inc., 96-725 (La.App. 3 Cir. 12/18/96), 685 So.2d 602, establishes *144 that the only proper venue for Lewis' suit is Jefferson Parish.
Contrariwise, Lewis argued that venue was proper in Orleans Parish under La. C.C.P. art. 74,[3] because a suit alleging redhibition sounds in both tort and contract, and therefore venue was proper where damages were sustained, i.e., Orleans Parish. Lewis further asserted that Reeves v. Dixie Brick, Inc., 403 So.2d 792 (La.App. 2d Cir.1981), supports his position. The trial court, following oral argument, sustained the exception and transferred the case to the Jefferson Parish. From that decision, this timely writ application by Lewis ensued.
Article III, § 15(A) of the Louisiana Constitution provides that a bill "shall be confined to one object ... [and] shall contain a brief title indicative of its object."
La. C.C.P. art. 76.1 was enacted by Act 217 of 1991, which act reads in its entirety as follows:
To enact R.S. 9:2779 and Code of Civil Procedure Art. 76.1, relative to contracts; to declare public policy regarding clauses in construction contracts, subcontracts, and purchase orders on public and private works relating to the choice of laws governing their interpretation or to venue for resolving disputes arising thereunder; to provide for the invalidity of certain contract provisions as contrary to public policy; to provide exceptions; to provide venue in actions on contracts; and to provide for related matters.
Be it enacted by the Legislature of Louisiana:
Section 1. R.S. 9:2779 is hereby enacted to read as follows:
§ 2779. Construction contracts, subcontracts, and purchase orders; certain provisions invalid
A. The legislature finds that, with respect to construction contracts, subcontracts, and purchase orders for public and private work projects, when one of the parties is domiciled in Louisiana, and the work to be done and the equipment and materials to be supplied involve construction projects in this state, provisions in such agreements requiring disputes arising thereunder to be resolved in a forum outside of this state or requiring their interpretation to be governed by the laws of another jurisdiction are inequitable and against the public policy of this state.
B. The legislature hereby declares null and void and unenforceable as against public policy any provision in a contract, subcontract, or purchase order, as described in Subsection A, which either:
(1) Requires a suit or arbitration proceeding to be brought in a forum or jurisdiction outside of this state; rather, such actions or proceedings may be pursued in accordance with the Louisiana Code of Civil Procedure or other laws of this state governing similar actions.
(2) Requires interpretation of the agreement according to the laws of another jurisdiction.
C. The provisions of this Section apply to contracts, subcontracts, and purchase orders, as described in Subsection A, entered into on or after the effective date of this Act.
D. Notwithstanding any other provisions of law to the contrary, the provisions of this Section shall not apply to negotiated labor contracts.

*145 Section 2. Code of Civil Procedure Art. 76.1 is hereby enacted to read as follows:
Art. 76.1. Action on contract
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
It is apparent, in view of the title to Act 217, that article 76.1 was intended to apply to construction contracts and not all contracts of every nature. In light of Lewis' specific claims against Ford and Marshall Bros., we find that article 76.1, being applicable only to construction contracts, is inapplicable to the case at bar and does not support Ford's contention that venue is proper in Jefferson Parish.[4] A careful review of Lewis' petition discloses that Lewis alleges that he was provided with marketing materials and sales information promoting the Lincoln Navigator as a "premium luxury vehicle, with an extremely smooth ride." He does not allege where he received this information. He further alleges that immediately after purchase, he noticed "roughness and shuddering in the vehicle", which Marshall Bros. "attempted to repair on numerous occasions" before Ford determined that the asserted problem "is a normal operating characteristic of the vehicle." Lewis does not assert that any of these things happened in Orleans Parish.
We note that Louisiana law on redhibition, La. C.C. art. 2520 et seq., is found in Chapter 9 of Book III, Title VII of the Louisiana Civil Code; Title VII of Book III relates to "Sale," which sounds in contract, not tort.[5] By contrast, Louisiana law on tort is primarily set forth in Chapter 3 of Book III, Title V of the Louisiana Civil Code, relative to "Offenses and Quasi Offenses." Offenses and quasi-offense sound in tort and Title V relates to "Obligations Arising without Agreement." In the case at bar, Lewis alleges an agreement, i.e., contract, when he asserts that the vehicle that he purchased was promised to have a quality that it did not in fact have. All other allegation of Lewis' petition relate to a breach of contract, which are governed by Chapter 1, et seq. of Book III, Title IV of the Louisiana Civil Code. Although a claim of redhibition may sound in both contract and tort, such as in Reeves v. Dixie Brick, Inc., supra, a plaintiff must allege sufficient facts in the petition to establish that damages occurred in a particular location so that venue might be proper in that parish in which the damage occurred. See, e.g., Metcalf v. Pool & Home Care, 467 So.2d 610 (La.App. 3d Cir.1985); Rachal v. Ford Motor Co., 96-160, p. 2 (La.App. 3 Cir. 6/5/96), 676 So.2d 671, 673. We find no such allegations or evidence presented at the trial of the exception. If such had been the situation in the case at bar, Orleans Parish might be a proper venue.
We conclude from the facts as alleged by Lewis in his petition that his claim arises from things that occurred solely in Jefferson Parish. Therefore, venue was proper solely under La. C.C.P. art. 42, and Jefferson Parish was the sole venue in which Lewis could commence his suit on the facts alleged.
*146 The trial court did not err and we affirm the judgment ordering that the suit be transferred to the Twenty-Fourth Judicial District Court for the Parish of Jefferson for further proceedings.
SUPERVISORY WRIT GRANTED; JUDGMENT AFFIRMED.
NOTES
[1] La. C.C.P. art. 42 provides in pertinent part: "The general rules of venue are that an action against: ... (4) A foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its primary business office is located as designated in its application to do business in the state, or, if no such designation is made, then in the parish where its primary place of business in the state is located."
[2] La. C.C.P. art. 76.1 provides: "An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract."
[3] La. C.C.P. art. 74 provides in pertinent part: "An action for recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conducted occurred, or in the parish where the damages were sustained."
[4] We do not address the constitutionality of article 76.1 as has been addressed by the Fourteenth Judicial District Court for the Parish of Calcasieu, in suit number 90-6349, entitled "Coastal Oil & Rental Tools, Inc. v. William H. Kenny Consultants, Inc."
[5] Louisiana's "lemon law" relative to motor vehicles, set forth at La. R.S. 51:1941 et seq., sounds in redhibition. The law is silent as to venue.