958 So.2d 699 (2007)
FRENCH JORDAN, INC., et al.
v.
TRAVELERS INSURANCE COMPANY, et al.
No. 2007-C-0007.
Court of Appeal of Louisiana, Fourth Circuit.
April 25, 2007.
*700 Stuart H. Smith, Michael G. Stag, SMITH STAG, L.L.C., New Orleans, LA, and Jessica W. Hayes, Stephen B. Murray, Arthur M. Murray, MURRAY LAW FIRM, New Orleans, LA, for Plaintiffs/Relators.
Ralph S. Hubbard, III, Celeste D. Elliott, Seth A. Schmeeckle, Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, New Orleans, LA, for the Charter Oak Fire *701 Insurance Company and the Travelers Indemnity Company.
Steve M. Sikich, the Sikich Law Firm, Lake Charles, LA, and Thomas W. Murphy, Caron Constants & Wilson, Chicago, IL, for Fireman's Fund Insurance Company.
Erin Fury Parkinson, McGlilnchey Stafford, PLLC, New Orleans, LA, and Richard W. Bryan, Daniel J. Lynn, Jackson & Campbell, P.C., Washington DC, for National Union Fire Insurance Company of Pittsburgh, Pennsylvania.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS SR., and Judge ROLAND L. BELSOME).
DENNIS R. BAGNERIS, SR., Judge.
Relators, French Jordan, Inc. and Shield Coat, Inc., seek supervisory review of the trial court judgment that maintained the defendants', Travelers Insurance Company/Charter Oak Fire Insurance Company (Travelers), Scottsdale Insurance Company (Scottsdale), National Union Fire Insurance Company (National), Lloyd's of London (Lloyd's), Fireman's Fund Insurance Companies (Fireman's), Highlands Insurance Company (Highlands), and American Casualty Company (American) exception of improper venue. For the following reasons, we reverse the judgment of the trial court.
FACTS
Relators, French Jordan, Inc. and Shield Coat, Inc., were merged and incorporated in Orleans Parish where they maintained business offices until 1998. Since then, Relators have relocated and now maintain offices in St. Tammany and Terrebonne Parishes. The nature of Relators' business involves cleaning and inspecting pipes from oilfields. This work is done in Terrebonne Parish on property owned by the Houma-Terrebonne Airport Commission (H-TAC). In 1995, the Louisiana Department of Environmental Quality (LDEQ) found the property to be contaminated with radioactive material and ordered Relators to bring their operations into compliance with state regulations.
In September 1996, Relators filed suit against various oil companies whose products were depositing the radioactive material at Relators' operations site. Relators allege they were forced to initiate this litigation (against the oil companies) in order to remediate and restore the property to comply with directives from LDEQ, avoid liability to the state for non-compliance with state administrative regulations, and also to avoid liability to third-parties claiming damages arising from the contamination. In November 1999, H-TAC intervened in the lawsuit and named Relators as defendants given that Relators' operations were conducted on property owned by H-TAC.
In accordance with the provisions of their insurance contracts, Relators notified Respondents of the demands made by LDEQ and the potential for liability to the state and third parties, but Respondents refused to defend them against the demands made by LDEQ and H-TAC. Relators alleged that Respondents provided insurance policies that covered Relators for various time periods relevant to this action and required Respondents to defend and indemnify Relators for money they might be obligated to pay related to or arising from property damage or bodily injury. Accordingly, Relators filed suit for breach of contract because Respondents refused to provide legal representation and indemnification.
In response to Relators' lawsuit, Travelers filed an exception of improper venue and pled ambiguity and vagueness as an *702 alternative. Following a hearing, the trial court granted the exception of improper venue and dismissed Relators' lawsuit. Relators assert that the trial court erred when it granted Respondents' exception of improper venue, and they now seek supervisory review of this judgment.
STANDARD OF REVIEW
Venue is a question of law and where a legal error interdicts the fact finding process and the record is otherwise complete, an appellate court should then conduct a de novo review of the record. Bloomer v. Louisiana Workers' Compensation Corp, XXXX-XXXX, p. 4 (La.App. 1 Cir. 5/12/00), 767 So.2d 712, 715. Citing Bloomer, this court held that venue is a question of law and where the record is complete the court should conduct a de novo review. Crawford v. Blue Cross and Blue Shield of Louisiana, 2000-2026, p. 3 (La.App. 4 Cir. 12/5/01), 814 So.2d 574, 577. The appellate court should review the facts of cases involving an exception of improper venue under the de novo standard of review. Premier Dodge, L.L.C. v. Perrilloux, XXXX-XXXX, p. 3 (La.App. 4 Cir. 1/25/06), 926 So.2d 576, 577.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. LSA-C.C.P. art. 1841. An appeal may be taken from an interlocutory judgment that may cause irreparable harm. The trial court's judgment sustaining the defendant's exception of improper venue is an interlocutory judgment, the ruling on which is reviewable as it may cause irreparable harm that this Court cannot remedy after trial. LSA-C.C.P. art.2083; Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
DISCUSSION
The primary issue to be resolved herein is whether Orleans Parish is a proper and permissible venue for the instant case to be brought and tried. Especially notable is whether LSA-C.C.P. art. 76.1, relevant to actions on contracts, may be used to determine the venue for this matter.
Relators contend that Orleans Parish is a proper venue for this action under LSA-C.C.P. art. 76.1 because the insurance contracts with Respondents were executed in Orleans Parish. Relators further contend that Orleans Parish is the proper venue under LSA-C.C.P. art. 76 because this is where the loss occurred and where the Relators were domiciled at the time of the loss.
Respondents contend that under LSA-C.C.P. art. 42(7) venue is proper in East Baton Rouge Parish because defendants are foreign insurers. Respondents also contend that LSA-C.C.P. art. 76.1 does not apply to insurance contracts and that LSA-C.C.P. art. 76 should be applied instead, thus making Terrebonne Parish the proper venue because one of the Relators is domiciled there and the basis for the litigation occurred there.
The trial court ruled that Orleans Parish is not the proper venue and dismissed Relators' case. Written reasons for judgment were not issued but the transcript of the hearing indicates the trial court made the following findings: (1) LSA-C.C.P. article 76.1 does not apply to insurance contracts and therefore is inapplicable to this case, (2) LSA-C.C.P. article 76 applies because the action was based on an insurance policy, and (3) the loss occurred in Terrebonne Parish, therefore Orleans Parish is not the proper venue.
Venue is defined as the parish where an action or proceeding may properly be brought and tried. LSA-C.C.P. art. 41. The general rules of venue provide that an action against a foreign corporation licensed *703 to do business in this state shall be brought in the parish where its designated primary business office is located, or if no such designation is made, then in the parish where its primary place of business is located, and an action against a foreign corporation not licensed to do business in this state, without an agent for service, shall be brought in the parish of plaintiff's domicile. The general rules of venue further provide that an action against a foreign or alien insurer shall be brought in the parish of East Baton Rouge. LSA-C.C.P. art. 42.
The general rules of venue enunciated in article 42 are subject to the exceptions provided in articles 71 through 85 and as otherwise provided by law. LSA-C.C.P. art. 43. These statutory exceptions to the general venue rules serve to extend its provisions and create permissible alternatives for venue. Two such exceptions, 76 and 76.1, may apply to the instant case. LSA-C.C.P. art. 76 provides that an action on any type of insurance policy, other than life insurance or health and accident insurance, may be brought in the parish where the loss occurred or the insured is domiciled. LSA-C.C.P. art. 76.1 further expands the general rule by providing that an action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
The provisions under LSA-C.C.P. art. 45 will determine the proper venue where two or more venue articles conflict. LSA-C.C.P. art. 45(3) is applicable to the instant case, and provides that if Article 78, 79, 80, 81, 82, or 83 is not applicable, and there is a conflict between two or more of Articles 42 and 71 through 77, the plaintiff may bring the action in any venue provided by any applicable article. LSA-C.C.P. art. 76 and 76.1 are both permissive venue exceptions and either article 42, 76, or 76.1 may dictate the proper venue for this matter. Bloomer v. Louisiana Workers' Compensation Corp., XXXX-XXXX (La.App. 1 Cir. 5/12/00), 767 So.2d 712. The Louisiana Code of Civil Procedure Articles are to be construed liberally and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. LSA-C.C.P. art. 5051. When the language of an article is clear and free from ambiguity, its letter is not to be disregarded under the pretext of pursuing its spirit. LSA-C.C.P. art. 5092.
When utilizing any of the exceptions to the general venue provisions the plaintiff must show that the facts clearly satisfy the exception before claiming the benefit of that exception. Crawford v. Blue Cross and Blue Shield of La., 2000-2026, p. 3 (La.App. 4 Cir. 12/5/01), 814 So.2d 574, 577. For purposes of the venue exception, the plaintiff's allegations are taken as true and must appear on the face of the plaintiff's petition. Cacamo v. Liberty Mutual Fire Ins. Co., 99-3479 (La.06/30/00), 764 So.2d 41. If the grounds for the objection of improper venue do not appear on the face of the plaintiff's petition, the burden is on the defendant to offer evidence in support of his position. Nitro Gaming, Inc. v. D.I. Foods, Inc., 34,301 (La.App. 2 Cir. 11/1/00), 779 So.2d 817.
A major point of contention in this case is whether article 76.1, which applies to actions on contracts, may be applied to the insurance contract herein. In recent years, this Court has found that article 76.1 only applies to construction contracts and not contracts in general. See Lewis v. Marshall Bros. Lincoln-Mercury, Inc., (XXXX-XXXX), 876 So.2d 142. This position represents a divergence from the standard established by the Louisiana Supreme *704 Court and followed by all other Louisiana appellate courts.
The Louisiana Supreme Court has established that the alternative optional venue provisions contained in La. C.C.P. articles 71 through 85 are an extension, supplement and legal part of the provisions of article 42. As a result, these alternative venue provisions are no longer exceptions to Article 42's "home base" venue that should be strictly construed as was formerly required under Hawthorne Oil & Gas v. Continental Oil, 377 So.2d 285 (La. 1979), but rather, these alternative provisions are part and parcel of the general venue rule set forth in Article 42. Kellis v. Farber, 87-2170, (La.1988), 523 So.2d 843, 846, superseded by statute on other grounds, Boatwright v. Metropolitan Life Ins., 95-2473 (La.App. 4 Cir. 3/27/96), 671 So.2d 553. The Court went on to state:
The proliferation of exceptions mirrors the newly emerging bases of modern venue statutes. These provisions are not based on domicile but on factors such as the following: the convenience of both parties; the relationship between the forum and the cause of action; the reduction of litigation through certainty in the layering of venue; the places where the subject of action or part thereof is situated; the place where the cause of action arose; the place where the seat of government is located . . . compare with La. C.C.P. art. 72 (place of property), article 73 (solidary obligation), article 74 (place of tort), article 74.1 (place of child's birth), article 75 (court where the bond was filed), article 77 (place of business office), article 81 (court where succession is pending), article 82 (place where the community was dissolved or where immovable property is located).
523 So.2d at 847.
It is important to note that this aspect of the ruling in Kellis still stands today. The Court in Boatwright held that the exceptions to La. C.C.P. art. 42 established by La. C.C.P. arts. 71 through 85 do not apply to cases against direct action insurers. The 1989 amendment to LSA-R.S. 22:655(B) overruled Kellis, but only with respect to the direct action statute. Kellis and Jordan still stand for the proposition that articles 71 through 85 should be read in pari materia with article 42 and treated like general venue provisions, rather than exceptions. Boatwright, 95-2473, p. 7, 671 So.2d at 557.
Subsequently, during the 1991 Regular Session the Louisiana Legislature passed Act No. 217 H.B. No 662 to enact La. C.C.P. art. 76.1 and La. R.S. 9:2779, relative to contracts; to declare public policy regarding clauses in construction contracts, subcontracts, and purchase orders on public and private works relating to the choice of laws governing their interpretation or to venue for resolving disputes arising thereunder; to provide for the invalidity of certain contract provisions as contrary to public policy; to provide exceptions, to provide venue in actions on contracts, and to provide for related matters. Following this enactment, this Court concluded that article 76.1 was intended to apply to construction contracts and not to all contracts of every nature. Lewis v. Marshall Bros. Lincoln-Mercury, Inc., XXXX-XXXX (La.App. 4 Cir. 5/19/04), 876 So.2d 142.
In Jordan v. Central La. Elec. Co., Inc., 95-1270 (La.6/23/95), 656 So.2d 988, the Supreme Court applied 76.1 to an action on a contract for the sale of immovable property where the parties signed the authentic act of sale in different parishes, on different days. The plaintiff filed suit to recover his deposit in the parish where he signed the contract in accordance with article *705 76.1, and the defendant filed an exception to venue under article 42. The trial court overruled the defendant's exception, which ruling was reversed by the appellate court. Reversing the appellate court, the Supreme Court said, "[w]e construe LSA-C.C.P. art. 76.1 as authorizing venue in any of the parishes where the contract was executed" and held that a contract, including one executed in authentic form, may be executed in more than one parish. Jordan, 95-1270, p. 2, 656 So.2d at 989.
Although this Court has restricted the use of La. C.C.P. art. 76.1 to actions on construction contracts, other Louisiana appellate courts have closely followed the precedent set by the Louisiana Supreme Court in Jordan. Specifically, in Elliott v. Amato and Creely, XXXX-XXXX, p. 4 (La. App. 1 Cir. 3/29/06), 934 So.2d 779, 781-782, wherein an attorney brought action against defendant law firm and attorney seeking a declaratory judgment that he was entitled to his agreed-upon share of the attorney fees, the First Circuit held that article 76.1 was applicable and ruled that plaintiffs may choose any venue available under the Code of Civil Procedure or any other supplementary venue provided by law that fits the particular circumstances of their claims. The general rules of venue set out in Article 42 are subject to certain exceptions and these alternative statutory venue provisions are an extension, supplement, and legal part of the general venue provisions, rather than exceptions requiring strict construction. One of these additional venue provisions is Article 76.1. This supplementary venue provision reflects the policy decision of the legislature that it is fair to sue a corporate defendant who enters into contracts with an aggrieved plaintiff in a venue other than the defendant's home base.
Additionally, the First Circuit has held that "[a]lternative statutory venue provisions are extension, supplement and legal part of general venue provisions, rather than exceptions requiring strict construction." Operational Technologies Corp. v. Environmental Contractors, Inc., XXXX-XXXX (La.App. 1 Cir. 11/9/95), 665 So.2d 14. Likewise, in Smith v. Alford, XXXX-XXXX (La.App. 1 Cir. 3/24/05), 906 So.2d 674, the First Circuit affirmed the trial court's ruling which applied article 76.1 in an action for breach of an employment contract, finding that venue was proper in the parish where the contract was executed, and all work was performed pursuant to the contract.
The Second Circuit held in Coleman v. Fisher Lumber Corp., 28,446, p. 11 (La. App. 2 Cir. 6/26/96), 677 So.2d 678, 684, that the statute governing permissive venue for contract actions is not facially ambiguous, and does not restrict or limit its applicability to actions on certain types of contracts or to situations where a substantial or some other measurable amount of contractual work or service was performed or was to be performed in parish where action is brought. The Second Circuit then cited the discussion of the application of article 76.1 by the court in Tucker v. Ochsner Health Plan, 28,318 (La.App. 2 Cir. 5/8/96), 674 So.2d 1052, when it stated:
As we appreciate Art. 76.1, an action on a contract of whatever type, may be brought in the parish where any work or service was performed or was to be performed under the terms of the contract. The article is not facially ambiguous and does note restrict or limit its applicability to actions on certain types of contracts or to situations where a substantial or some other measurable amount of the contractual work or service was performed or was to be performed in the parish where the action is brought.
Coleman, p. 11, 677 So.2d at 684.
*706 In Clarendon Nat'l Ins. Co. v. Belt, 33,997 (La.App. 2 Cir. 8/25/00), 766 So.2d 717, the Second Circuit held that declaratory judgment action filed by automobile liability insurer was action on a contract, and thus triggered venue rules under article 76.1, governing action on contract, to determine insurers' rights and responsibilities under the contract of insurance. The court found that LSA-C.C.P. art. 76.1 does not expressly limit its application to any particular forms of contracts. An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. LSA-C.C.P. art. 76.1 does not expressly limit its application to any particular forms of contracts. Clarendon National Insurance Company v. Belt, 33,997, p. 3 (La. App. 2 Cir. 8/25/00), 766 So.2d 717, 720.
In Louisiana Safety Association v. A-1 Pallet Com., 37,648, p. 3 (La.App. 2 Cir. 9/24/03), 855 So.2d 895, 897, where an insurer brought an action for non-payment of insurance premiums, the Second Circuit held that article 76.1 provided permissible venue options and applied in that case. The Second Circuit observed from Clarendon Nat'l Ins. Co. v. Belt, 33,997 (La.App 2 Cir. 8/25/00), 766 So.2d 717, that the provisions of LSA-C.C.P. art. 76.1 do not expressly limit the article's application to any particular type of contract, and provides a permissive optional venue in keeping with the Louisiana Supreme Court's interpretations of the venue statutes. (See Jordan v. Central Louisiana Elec. Co. Inc., 95-1270 (La.6/23/95), 656 So.2d 988.) The Second Circuit next stated:
As we appreciate Art. 76.1, "an action on a contract," of whatever type, may be brought in "the parish where any work or service was performed or was to be performed under the terms of the contract. The article is not facially ambiguous and does not restrict or limit its applicability to actions on certain types of contracts or to situations where a substantial or some other measurable amount of the contractual work or service was performed or was to be performed in the parish where the action is brought."
Id.
The Third Circuit in Guaranty Bank of Mamou v. State of Louisiana, 96-196 (La. App. 3 Cir. 7/17/96), 677 So.2d 1109, 1111-1112, the bank brought suit in the parish in which the bank was located the against State of Louisiana and student borrowers through the Office of Student Financial Assistance (OSFA), as guarantor, for its failure to honor its contract of guaranty on defaulted student loans made by the bank pursuant to the guaranty. The Third Circuit determined OSFA's argument that venue would only be proper, under LSA-C.C.P. art. 42, in the parish of its domicile, East Baton Rouge Parish, is incorrect. Venue would also be proper under LSA-C.C.P. art. 76.1 in the parish where the contract of guaranty was executed or the parish where any work or service was performed or was to be performed under the terms of the contract under the provisions of article 76.1.
However, as previously mentioned, this court restricts LSA-C.C.P. art. 76.1 to actions on construction contracts. Specifically, in Lewis v. Marshall Bros. Lincoln-Mercury, Inc., XXXX-XXXX (La.App. 4 Cir. 5/19/04), 876 So.2d 142, a purchaser brought an action against a truck manufacturer wherein he alleged a redhibitory defect in a vehicle and argued that the action sounded in tort and contract. This Court held that the statute (LSA-C.C.P. art. 76.1) providing that an action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was *707 to be performed under the terms of the contract applies only to construction contracts and not to all contracts of every nature. "It is apparent, in view of the title to Act 217, that Article 76.1 was intended to apply to construction contracts and not all contracts of every nature." Id. at p. 4, 876 So.2d at 145.
The decision to restrict the application of LSA-C.C.P. article 76.1 to construction cases only is contrary to the precedent established by the Louisiana Supreme Court, and which the other appellate courts of this state have followed. Accordingly, this panel has decided to address this issue en banc.[1]
In light of the precedent firmly established by the Supreme Court and all Circuit Courts, we find article 76.1 is applicable to the insurance contract in this case. The policy declarations page indicates that the insurance contracts were executed in Orleans Parish, and Respondents have presented no evidence to refute this as fact. Accordingly, Orleans Parish is a proper venue for this action under LSA-C.C.P. art. 76.1. In coming to the conclusion that we have in this case, it becomes necessary to overrule Lewis v. Marshall Bros. Lincoln-Mercury, Inc., XXXX-XXXX (La.App. 4 Cir. 5/19/04), 876 So.2d 142. insofar as it is inconsistent with this decision.
In conclusion, we hereby grant the writ application and we reverse the judgment of the trial court.
WRIT GRANTED; JUDGMENT OF THE TRIAL COURT REVERSED.
ARMSTRONG, C.J., concurs.
BELSOME, J. concurs in the result with reasons.
ARMSTRONG, C.J., Concurs.
I respectfully concur in the opinion of the majority. I note that the trial court's judgment is consistent with what appeared to be the law of this circuit as expressed in this Court's opinion in Lewis v. Marshall Bros. Lincoln-Mercury, 04-0507 (La.App. 4 Cir. 5/19/04), 876 So.2d 142. However, I now agree with the decision of the majority to overrule Lewis.
BELSOME, J., concurs in the result with reasons.
I respectfully concur in the result of the majority opinion. However, I find the emphasis placed on the pure dicta of the Lewis case erroneous. The instant case does not conflict with the case law of Lewis. In Lewis this Court affirmed the trial court's ruling on an exception of venue because both defendants in the suit were non-Louisiana corporations with principal offices in Jefferson Parish. Thus, proper venue was Jefferson Parish not Orleans Parish. The entire analysis of La.C.C.P. art. 76.1 in Lewis is nothing more than dicta. Accordingly, I do not find that the majority opinion overrules the case law of Lewis.
NOTES
[1] We have submitted this issue to the Court en banc and a majority of the Judges have determined that Lewis v. Marshall Bros. Lincoln-Mercury Inc., XXXX-XXXX (La.App.4 Cir. 5/19/04), 876 So.2d 142 should be overruled. The following Judges voted to overrule: C.J. Armstrong, J. Jones, J. McKay, J. Bagneris, J. Kirby, J. Love, J. Gorbaty, J. Lombard and J. Cannizzaro. The following Judge voted not to overrule: J. Tobias. The following Judge recused: J. Murray. J. Belsome voted that it is unnecessary to overrule the Lewis case.