BELSOME, J.,
CONCURS WITH REASONS
11While I concur in the majority’s result that the trial court properly denied the exception of improper venue, I write separately to address the issue of whether venue is proper based on the addition of Respondent’s uninsured motorist and medical payments carrier, Liberty Mutual Insurance Company.
Following the filing of Plaintiffs original petition, Respondent became aware that uninsured motorist and medical payments coverage was available through her own uninsured motorist insurance policy, yet the insurer had not made the proper payments under the policies. Liberty Mutual’s failure to make payments pursuant to the medical payments provision of Respondent’s policy gave rise to liability on a first party insurance claim for injuries sustained in the accident. Accordingly, in September 2014, Respondent amended her petition to add Liberty Mutual as a defendant.
In Gaspard v. Louisiana Farm Bureau Ins. Co., 96-2148 (La. App. 4 Cir. 11/6/96), 684 So.2d 55, this Court held that an insured may file suit against his uninsured motorist’s insurer in the parish of proper venue of the insured party—i.e., the parish where the insured is domiciled, citing former La. R.S. 22:655(B)Ja now La. R.S. 22:1269(B)(1).[1] “For purposes of the venue exception, the plaintiffs allegations are taken as true and must appear on the face of the plaintiffs petition.” French Jordan, Inc. v. Travelers Ins. Co., 2007-0007, p. 6 (La.App. 4 Cir. 4/25/07), 958 So.2d 699, 703, writ denied, 2007-1089 (La. 9/14/07), 963 So.2d 998, If the grounds for the objection of venue are not apparent on the face of the petition, the burden is on the defendant to offer evidence to support his objection. Id.
Respondent alleged that she was domiciled in Orleans Parish in her original petition. In her amended petition, she alleged that her damages exceed the limits of the tortfeasor’s policy and that her medical payments coverage had not been paid for her injuries.
All of the documentary evidence presented at the hearing showed that Respondent was domiciled in Orleans Parish at the time the policy was drafted and at the time of the accident. Respondent’s voter *508 registration, utility bills, certificate of occupancy, and homestead exemption all reflect an Orleans Parish address.
Relators failed to show the trial court erred in finding that Respondent is an Orleans Parish resident. Venue is therefore proper in Orleans Parish based on Respondent’s claims against Liberty Mutual.

. See also La. C.C.P. art. 76 (actions against insurers, involving policies other than life and health, may be brought in the parish where the loss occurred or the insured is domiciled.).