SHAWNDRIKA LAWRENCE \*  NO. 2021-CA-0159

VERSUS     \*

         COURT OF APPEAL

NIOBE ALI JOSEPH, D.D.S. \*

         FOURTH CIRCUIT

        \*

         STATE OF LOUISIANA

    \* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-07723, DIVISION "M"
Honorable Paulette R. Irons, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*
(Court composed of Judge Rosemary Ledet, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

**LEDET, J., CONCURS IN THE RESULT**

David Alva Woolridge, Jr.
Brent Joseph Bourgeois
ALEXANDER-SIDES, LLC
4232 Bluebonnet Blvd.
Baton Rouge, LA 70809

  COUNSEL FOR DEFENDANT/APPELLEE

     **APPEAL COVERTED TO SUPERVISORY WRIT;
      FIRST MOTION TO DISMISS DENIED;
     SECOND MOTION TO DISMISS GRANTED
     November 18, 2021**

This case arises out of a claim for medical malpractice. Appellant, Shawndrika Lawrence ("Ms. Lawrence"), appeals the district court judgment, which sustained Appellee's, the Louisiana Patient's Compensation Fund Oversight Board (the "Oversight Board"), exception of improper venue. The Oversight Board filed two motions to dismiss Ms. Lawrence's appeal and argued, respectively, that this Court lacks appellate jurisdiction due to Ms. Lawrence's failure to file a timely supervisory writ application on an interlocutory judgment, and that Ms. Lawrence failed to file an appellant brief. For the reasons that follow, we convert Ms. Lawrence's appeal to a supervisory writ application, deny the Oversight Board's motion to dismiss the appeal for lack of appellate jurisdiction, grant Oversight Board's motion to dismiss for Ms. Lawrence's failure to timely file a brief and dismiss Ms. Lawrence's supervisory writ application with prejudice.

## FACTS AND PROCEDURAL HISTORY

On February 18, 2020, Ms. Lawrence, a self-represented litigant, filed a medical review panel request ("panel request") with the Division of Administration, Medical Review Panel (the "DOA"), naming Niobe Ali Joseph,

D.D.S. as a defendant. The DOA forwarded Ms. Lawrence's panel request to the Oversight Board. In a certified letter to Ms. Lawrence dated February 27, 2020, the Oversight Board acknowledged receipt of Ms. Lawrence's panel request and informed her that a filing fee in the amount of $100.00 per qualified defendant was due within forty-five (45) days of receipt of notice. The letter further conveyed that the filing fee may only be waived upon receipt of a physician's affidavit or a district court's *in forma pauperis* ruling, pursuant to La. R.S. 40:1231.8(A)(1)(c) and (d), and failure to pay the filing fee would result in her panel request being statutorily rendered invalid and without effect.

Due to the COVID-19 pandemic, Governor John Bel Edwards, via Proclamation Number 2020-30, suspended the forty-five (45) day filing fee period. The proclamation suspended all legal deadlines from March 17, 2020, until at least April 13, 2020. In several more proclamations, Governor Edwards extended legal deadlines, effectively extending Ms. Lawrence's filing fee deadline until July 5, 2020.

On July 31, 2020, Ms. Lawrence filed a second review panel request with the Oversight Board. The Oversight Board forwarded a second certified letter to Ms. Lawrence informing her of its receipt of the request for a panel and that payment of the $100 filing fee must be paid within forty-five (45) days of receipt of the notice or follow the other procedures pursuant to La. R.S. 40:1231.8(A)(1)(c) and (d).

2

On September 16, 2020, Ms. Lawrence filed a petition for a writ of mandamus in Orleans Parish Civil District Court, requesting that the district court order the Oversight Board to accept her medical review panel request filed on February 18, 2020, declare her indigent as of her original panel request filing date and deem the panel request timely filed.

On October 15, 2020, the Oversight Board filed an exception of improper venue, wherein it argued that venue, in an action against the Oversight Board, is only proper in East Baton Rouge Parish.

The exception came for hearing on December 10, 2020. In a judgment, dated January 28, 2021, the district court sustained the Oversight Board's exception of venue, transferring the matter to the 19th Judicial District for the Parish of East Baton Rouge. It is from this judgment Ms. Lawrence appeals.

## PROCEDURAL ISSUES

After the lodging of the record, the Oversight Board filed two (2) motions to dismiss Ms. Lawrence's appeal with this Court. In the first motion to dismiss, the Oversight Board urges this Court to dismiss Ms. Lawrence's appeal for lack of appellate jurisdiction. In its second motion to dismiss, the Oversight Board requests dismissal because of Ms. Lawrence's failure to file an appellate brief. We will address each of these motions in turn.

### *MOTION TO DISMISS APPEAL I*

The Oversight Board contends that the district court's judgment granting the Oversight Board's exception of improper venue was an interlocutory judgment,

which is not appealable; and, due to Ms. Lawrence's failure to timely file a supervisory writ application on the venue ruling, she has waived any objections to the ruling. The Oversight Board, therefore, argues that this Court lacks appellate jurisdiction to hear Ms. Lawrence's appeal.

Louisiana Code of Civil Procedure Article 2083 provides:

A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.

* * *

C. An interlocutory judgment is appealable only when expressly provided by law.

"A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." La. C.C.P. art. 1841. When a district court sustains an exception of improper venue, as in this case, the result is an interlocutory judgment that is only appealable if it will cause irreparable harm that cannot be remedied after trial. *French Jordan, Inc. v. Travelers Ins. Co.,* 07-0007, p. 3 (La. App. 4 Cir. 4/25/07), 958 So. 2d 699, 702, *writ denied,* 07-1089 (La. 9/14/07), 963 So. 2d 998. "Notwithstanding, this Court has converted a non-appealable judgment to an application for supervisory writs when the following two conditions have been met: (1) [t]he motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under La. Unif. R. Ct. App. 4-3;[1] and (2) [w]hen

---

[1] Louisiana Uniform Rules, Courts of Appeal, Rule 4-3 provides, in part:

The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the appellate court. The return date in civil cases shall not exceed 30 days from the date of notice, as provided in La. C.C.P. art. 1914.

4

the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation." *Succession of Thompson*, 20-0536 (La. App. 4 Cir. 7/14/21), ___ So.3d ___ (quoting *Waiters v. deVille,* 20-0556, pp. 1 (La. App. 4 Cir. 12/30/20), 2020 WL 8455459, at *2-3, *writ denied,* 21-00283 (La. 4/13/21), 313 So. 3d 1249)(citation omitted).

In the case *sub judice*, we conclude both conditions are met. On December 10, 2020, the district court orally granted the Oversight Board's exception of venue in open court[2]. Ms. Lawrence subsequently filed a motion for appeal in the district court on January 5, 2021, before the district court issued its written judgment on January 23, 2021. Ms. Lawrence's motion for appeal was granted on January 13, 2021. Thus, Ms. Lawrence's appeal was filed within the thirty (30) day period required for filing an application for a supervisory writ. Additionally, while reversal of the district court's judgment would not terminate this litigation, Ms. Lawrence is a self-represented litigant and, in the interest of fundamental fairness, we choose to exercise our discretion to convert Ms. Lawrence's appeal to a supervisory writ application.

Accordingly, the Oversight Board's motion to dismiss for lack of jurisdiction is denied.

### MOTION TO DISMISS APPEAL II

---

[2] Article 1914 of Louisiana Code of Civil Procedure Article provides, in pertinent part, that "the rendition of an interlocutory judgment in open court constitutes notice to all parties." "Each party shall have ten days either from notice of the interlocutory judgment, or from the mailing of notice when required to take any action or file any pleadings in the trial court." *Id.* "This provision does not suspend or otherwise affect the time for applying for supervisory writs, nor does it affect the time for appealing an interlocutory judgment under Article 2083." *Id.*

In its second motion to dismiss, the Oversight Board argues that Ms. Lawrence's appeal should be dismissed for her failure to file a timely brief. We agree.

A review of the appellate record reflects the following:

- March 23, 2021 – Notice of incomplete record was provided to the parties, advising each that the December 10, 2020 hearing transcript was missing.[3]

- March 30, 2021 – Notice of completion of record was provided to the parties.[4] Ms. Lawrence's brief was due on April 26, 2021, and the Oversight Board's brief was due on May 17, 2021.

- April 19, 2021 – The Oversight Board filed its first motion to dismiss for lack of appellate jurisdiction;

- April 26, 2021 – Ms. Lawrence filed her first motion for extension of time to file her brief, which this Court granted. Ms. Lawrence's brief was due on or before May 10, 2021, and the Oversight Board's brief was due on or before May 31, 2021.

- May 26, 2021 – The Oversight Board filed its appellate brief on May 26, 2021.

- June 3, 2021 – This Court issued a notice, pursuant to Rule 2-12.12 of the Uniform Rules, Court of Appeal, that the right to oral argument had been forfeited and under Rule 2-8.6 of the Uniform Rules, the appeal would be dismissed within (thirty) 30 days of the mailing of the notice unless Ms. Lawrence's brief was filed prior to the expiration of the thirty (30) days.[5]

- July 6, 2021 – Ms. Lawrence filed a second motion for extension of time to file her appellate brief.

- July 7, 2021 – This Court granted Ms. Lawrence's second motion for extension of time.[6] Ms. Lawrence's brief was due on July 27, 2021, and the Oversight Board's brief was due on August 16, 2021.

- July 27, 2021 – Ms. Lawrence filed a third motion for extension of time.

- July 28, 2021 – This Court granted the motion, ordered that Ms. Lawrence file her brief on or before August 6, 2021, and that she would not be

---

[3] Notice was mailed to Ms. Lawrence via certified mail as evidenced by a USPS receipt.
[4] Notice was mailed to Ms. Lawrence via certified mail as evidenced by a USPS receipt.
[5] Notice was mailed to Ms. Lawrence via certified mail as evidenced by a USPS receipt.
[6] Notice was mailed to Ms. Lawrence via certified mail as evidenced by a USPS receipt.

permitted any further extensions.[7] The Oversight Board's brief was now due on or before August 26, 2021.[8]

- August 16, 2021 – The Oversight Board filed a second motion to dismiss the appeal due to Ms. Lawrence's failure to timely file a brief.

Louisiana Uniform Rules, Courts of Appeal, Rule 2-12.12 states:

> If the brief on behalf of any party is not filed by the date that the brief is due, the party's right to oral argument shall be forfeited. The court may also impose other sanctions including, but not limited to, dismissal of the appeal when the appellant does not file a brief as provided for in Rule 2-8.6.

Rule 2-8.6 of the Louisiana Uniform Rules, Courts of Appeal provides for

the abandonment of civil appeals:

> For civil appeals, if an appellant does not file a brief within the time prescribed by Rule 2-12.7 or any extension thereof granted by the court as provided by Rule 2-12.8, a notice shall be transmitted by the clerk to counsel for the appellant, or to the appellant if not represented, that the appeal shall be dismissed 30 days thereafter unless a brief is filed in the meantime. If an appellant does not file a brief within 30 days after such notice is transmitted, the appeal ***shall*** be dismissed as abandoned. Provided, however, that irrespective of the time limit provided in Rule 2-12.7 for the appellee to file a brief, the appellee's brief shall be filed within 20 days from the due date shown on the notice of abandonment. [Emphasis added].

The record clearly shows that Ms. Lawrence received multiple notices, via

certified mail, of the deadlines within which to file her brief. On June 3, 2021, Ms.

Lawrence received, via certified mail, a notice of abandonment pursuant to Rules

2-12.12 and 2-8.6 of the Louisiana Uniform Rules, Court of Appeals. Following

---

[7] The order was mailed to Ms. Lawrence via certified mail as evidenced by a USPS receipt.
[8] Louisiana Uniform Rules, Courts of Appeal, Rule 2-12.8 states:
> An extension of time within which to file the brief may be granted by the court for good cause shown on written motion filed with the clerk of the court on or before the date the brief was due. If an extension of time is granted to an appellant to file the original brief, time for filing the appellee's brief is extended for a period of twenty days from the date of the extended time granted the appellant, without the necessity of a motion or request by the appellee. To preserve the right to oral argument, an appellee must file the brief within the extended twenty-day period, whether or not the appellant's brief is timely filed. An extension of time may not be granted if such extension will retard the hearing or determination of the case.

receipt of those notices, Ms. Lawrence filed and was granted three (3) extensions of time to file her brief. In the last order issued by this Court, Ms. Lawrence was ordered to file her brief no later than August 6, 2021, and was warned that no additional extensions would be granted. As of this date, Ms. Lawrence has yet to file a brief with this Court.

Based on the foregoing, we conclude Ms. Lawrence has abandoned her supervisory writ application for failing to file a brief. Thus, the Oversight Board's second motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, we convert Ms. Lawrence's appeal to a supervisory writ application, deny the Oversight Board's first motion to dismiss for lack of jurisdiction, grant the Oversight Board's second motion to dismiss for failure to file a timely brief and dismiss Ms. Lawrence supervisory writ application with prejudice.

**APPEAL COVERTED TO SUPERVISORY WRIT;**
**FIRST MOTION TO DISMISS DENIED;**
**SECOND MOTION TO DISMISS GRANTED**